CHARLES B. FARWELL

*v.*

MAX A. MEYER *et al.*

1. RELEASE OF SURETY — *extension of time to the principal.* An agreement for forbearance must be one which can be enforced by the principal against the creditor, and be available to him either as a cause of action, or as a defense, or it will not operate to discharge a surety.

2. OF THE AUTHORITY *of the one making the agreement.* Where a surety seeks to rely upon an agreement for forbearance made by the holder of a note and the principal maker, as operating to release him from his liability, he must establish that such holder was the owner of the note, or that he had authority from the owner to make the agreement.

3. POSSESSION OF A NOTE — *when prima facie evidence of ownership.* The possession of a note indorsed in blank, unaccompanied by any declaration in regard to its ownership, is *prima facie* evidence that the holder is the owner.

4. But when accompanied with a declaration that he is not the owner, the presumption arising from the possession is rebutted.

5. CREDIBILITY OF A WITNESS — *all his testimony must be rejected or believed.* If a part of the testimony of a witness is rejected as unworthy of belief, all of it must be rejected. Parts of sentences in a deposition cannot be detached and considered as true, and the residue of the testimony be rejected as not entitled to credence.

6. AMENDMENT OF BILL — *on the hearing.* It not unfrequently happens that the evidence does not support the allegations of a bill in chancery precisely in the form in which they are made; and it subserves none of the purposes of justice to dismiss a bill on the ground of a variance between the pleadings and the proof, when a slight amendment will render the testimony admissible.

7. In this case, a surety upon a note filed his bill in chancery against the holders, alleging that they had, by contract with the principal, without the knowledge or assent of the surety, extended the time of payment, whereby the surety claimed to be discharged from liability. On the hearing, it not appearing very clearly that the holders of the note, who made the agreement for forbearance, were the owners, the complainant asked leave to amend his bill by charging that the holders pretended that another person was the owner of the note, and that if this were true they were authorized by such owner to make the agreement. It was *held*, that the amendment should have been allowed. Such an allegation could not have operated as a surprise to the defendants.

8. PRINCIPAL AND AGENT — *ratification by principal of an unauthorized act of his agent.* A principal, who with a full knowledge of all material facts affecting his rights, receives moneys paid to one purporting to be his agent, in pursuance of an unauthorized agreement made by him, is precluded from questioning the agent's authority in the transaction.

9. SAME — *implied ratification must be upon a full knowledge of facts.* But where the act of ratifying the act of the agent is to be implied from a knowledge of the facts by the principal, it must appear that the principal had a full knowledge of all the facts affecting his interests in the transaction.

10. So where the owner of a note received money from one who had obtained it as the consideration for a contract for forbearance made by him, as the pretended agent of the owner, with the principal maker, without the knowledge or consent of the surety on the note, the fact that the owner knew, when he received the

money, that it was paid as the price of the forbearance, will not operate to estop him from denying the authority of his agent to make the agreement, unless he also knew that it was made without the assent of the surety.

11. A principal is justified in believing that his agent has pursued his authority until he is informed to the contrary; and he ought not to be charged with the consequences of a departure therefrom, without evidence that he knew of it.

12. MEASURE OF DAMAGES — *usurious contract.* The legal rate of interest in this State is six per cent.; and although parties are allowed to stipulate for a rate of interest not exceeding ten per cent., the privilege thus given must be exercised in conformity with the statute.

13. So where parties stipulate for a higher rate of interest than ten per cent., that part of the agreement stipulating for a higher rate than six per cent. will not be enforced; and the lender or other person contracting for an illegal rate of interest, will be allowed (where no forfeitures or penalties are insisted upon) only to recover six per cent. as the measure of value which our law has established for the use of money, where no agreement has been made for a higher rate, in conformity with its provisions.

14. USURY — *cannot be recovered back, but may be deducted from residue of debt unpaid.* Although usurious interest, voluntarily paid, since the passage of the act of 1857, cannot be recovered back, still, so long as any part of the debt remains unpaid, the debtor may insist upon a deduction of the usury therefrom. The usury received is considered as having been extorted by means of the debt, and is to be applied in part payment of the same.

15. In this case a party executed a note with the principal maker, as surety, and also a warrant of attorney to confess judgment. After the maturity of the note, the time of payment was extended to the principal, without the assent of the surety, in consideration of the payment of usurious interest; finally, judgment was entered under the warrant of attorney, for the amount of the note, without any notice to the surety. The surety thereupon filed his bill in chancery to enjoin the collection of the judgment, claiming that he was released from liability by reason of the agreement for forbearance with the principal without his assent. The case made was not sufficiently clear to authorize the relief upon that ground, but it was *held*, that so much of the note as the debtor was entitled to have satisfied by payment of usurious interest as was included in the judgment entered without notice, and in a manner affording the surety no opportunity of asserting his rights, he was entitled to have deducted, and to that extent the judgment should have been enjoined.

WRIT OF ERROR to the Superior Court of Chicago.

This was a suit in chancery, instituted in the court below by Charles B. Farwell against Max A. Meyer, Levi Rosenfeld, Jacob Rosenberg and H. W. Zimmerman.

It was set forth in the bill that about the 16th of October, 1857, Zimmerman was indebted to Rosenfeld & Rosenberg, $1,500, upon a note then in the hands of Greenebaum Bros., for collection, and which fell due that day; that an arrangement was effected between the owners of said note and Zimmerman to extend the time for the payment of $750 of said note, for thirty days, upon obtaining security thereon; that, accordingly, the plaintiff, at the request and for the sole accommodation and benefit of said Zimmerman, and without consideration to himself, made the note set out in the bill, and dated "Chicago, Oct. 16, 1857," for $750, at thirty days, with interest at ten per cent after due, signed "H. W. Zimmerman," "C. B. Farwell, as security;" accompanying said note was a power of attorney, authorizing judgment by confession to be entered thereon; that Rosenfeld & Rosenberg exacted from Zimmerman interest at the rate of two and a half per cent. per month for such extension of payment, and he paid them $22.50; that at the time the note fell due it belonged to Rosenfeld & Rosenberg, to whom Zimmerman applied for another extension, and it was agreed between them that if Zimmerman would pay, in advance, interest at the rate of three per cent. a month, an extension should be given on the note for two months longer, and, accordingly, Zimmerman, about the time the note fell due, paid them $45, and they, in consideration thereof, agreed to, and did, extend the payment of said note for two months thereafter, which agreement and payment were made entirely without the knowledge or consent of the complainant; that Zimmerman, from time to time afterwards, agreed with Rosenfeld & Rosenberg, being the holders and owners of the note, to extend the time of payment thereof to future times, upon his paying them interest therefor at the rate of three per cent. a month, in advance, for such extension, which was without the knowledge or consent of complainant; that Zimmerman paid Rosenfeld & Rosenberg interest on said note, at the rate of three per cent. a month, to the 1st May, 1858, and hath paid them $30 since that time for interest; that Rosenfeld & Rosenberg, during all that time, and up to a short time before entering judgment

on said note, were the holders and controllers of said note, and they are, in fact, still the real owners thereof, though they have caused judgment to be entered thereon in name of Max A. Meyer.

That judgment was entered in the name of Meyer on said note, by confession, on the 22d day of December, 1858, in the Cook County Court of Common Pleas, without the knowledge or consent of the complainant, otherwise than by the warrant of attorney attached. Execution issued thereon to the sheriff of Cook county, who is seeking to enforce the same out of complainant's property.

That Rosenfeld & Rosenberg, at various times, upon various valuable considerations by them received from said Zimmerman, agreed with him to extend, and did, in fact, extend the time of payment of said note without the knowledge or consent of complainant. That he, having signed said note as surety, merely, for said Zimmerman, and without any other consideration therefor, and the fact that he so signed said note as surety appearing on the face of the note, the said Rosenfeld & Rosenberg, by the several extensions so granted to Zimmerman, of the payment of said note, after the same fell due, for the considerations aforesaid, without the knowledge or consent of complainant, thereby released and discharged him from any liability thereon; and that Max A. Meyer, having acquired said note after the same fell due, took the same charged with the equities of complainant and his defense to said note.

The complainant waived answers under oath, and prayed that the judgment be perpetually enjoined, and satisfaction entered thereon, as to complainant, and for general relief; an injunction was granted and issued.

The defendant Rosenfeld answered the bill, admitting the making of the note, but denies that at the time it fell due, or at any time afterwards, it belonged to Rosenfeld & Rosenberg; denies that they ever had any interest in it, except for a few days after its execution, "they having sold the same, making not more than a trifling commission on the transaction;" that the note was brought to Rosenfeld & Rosenberg for collection,

and they thereupon applied to Zimmerman for payment, and notified Farwell of the non-payment thereof; and that he thereupon told them to extend the time of payment, if Zimmerman would pay the interest, as it made no difference to whom the money was loaned, as it had to be loaned to somebody; the defendant informed both Zimmerman and Farwell that the note did not belong to Rosenfeld & Rosenberg, but to another, and that he was acting for another; that upon such request of Farwell he accepted from Zimmerman $45 and extended the time of payment of the note two months, which was given merely in pursuance of the request of Farwell and with his knowledge and consent, and he denies that any further and future extensions were given on said note, but asserts the contrary to be the fact; that no interest, on any future occasion, was paid in advance, and none was paid at the expiration of said two months; that the said note thereafter, until judgment was entered on it, was simply allowed to lie over, but that the right to sue thereon, at the option of the holder, was not parted with nor impaired, and that it was so suffered to lie over at the request, and with the knowledge and consent of the complainant; denies that Zimmerman ever obtained an extension of the time of payment of said note without the consent of said Farwell; admits that it appears upon the face of the note that Farwell signed it as security, but otherwise has no knowledge; denies all fraud and combination, &c.

Answer of Jacob Rosenberg, filed January 17, 1859.— Denies that Rosenfield & Rosenberg have any interest in the note or judgment entered upon it; denies that the note was given in part renewal of another note for $1,500; that the note of $1,500 was left for collection and fully paid, and they purchased the new note from Greenebaum Bros.; that at the time the note fell due it did not belong to the firm of Rosenfeld & Rosenberg; that they sold it a day or two after they purchased it of Greenebaum & Bros., which was a day or two after it was made; knows of no agreement for an extension of time of payment; details some conversations he had with complainant about the

note and its payment by Zimmerman after the note fell due; denies all combination.

The defendant Mayer answered that he became the owner of the $750 note long after the execution thereof; has no knowledge of the consideration of the note, or that it was executed by Farwell as security, as appears on its face; nor any knowledge of the extensions, if any, granted thereon; and says, that if any extensions were granted, they were given with the knowledge, consent, approbation and consent of complainant; and denies that they were given without; denies that Rosenfeld and Rosenberg, or either of them, are the owners of the note; and alleges that it is, and has been ever since he purchased it, his own, and therefore judgment was entered in his name; denies all fraud, &c.

Replications were filed, and the cause came on for hearing.

The testimony of numerous witnesses was taken, and among others, that of Rosenfeld and also of Rosenberg. It is very voluminous, and as it would not contribute in any degree to an understanding of the grounds upon which the decision is made, it is omitted.

At the hearing of the cause, the complainant asked leave of the court, before the decree was entered herein, to file the annexed amendments to the bill without opening the case for further proof, unless the defendants should desire it; but the defendants objecting thereto, the court overruled the motion, and the complainant excepted. The proposed amendment is as follows:

That the said defendants sometimes give out and pretend that the said Rosenfeld & Rosenberg, soon after the said note was given, sold and transferred the same to one B. Sondheim, who thereafter continued to be the owner thereof in fact, until the same was transferred to said Max A. Meyer; but the complainant insists, that if such were the case, the said Rosenfeld & Rosenberg were authorized by the said Sondheim to collect the said note, and allowed to hold the same as their own; that they were authorized to extend the time of the payment thereof, and to receive interest thereon for such extension, and did in fact

pay out to said Sondheim the moneys which they received for such extensions, with full knowledge on the part of said Sondheim of facts charged in the bill touching the same.

A decree was entered, dismissing the bill. · Thereupon, the complainant sued out this writ of error, and now insists the court below erred, 1st, in refusing leave to file the proposed amendment to the bill; 2d, in dismissing the bill.

Messrs. W. T. BURGESS and C. M. HAWLEY for the plaintiff in error.

There is no rule of law more clearly settled than that if a creditor extend the time of the payment of a note to the principal debtor and maker for a valuable consideration, for a certain time, without the consent of the surety, he thereby discharges the surety from liability thereon.

Edwards on Bills and Promissory Notes, page 572, presents this doctrine as follows:

" Where one of the makers of a promissory note adds to his " signature the word surety, the holder is bound to treat him as " such, and cannot vary the terms of the contract by extending " the time of payment, or otherwise, so as to increase the risk " of the surety, without discharging him. Where time is given " to the principal debtor, by a valid agreement, which ties up " the hands of the creditor, though it be but for a single day, it " is quite clear that the surety is discharged. The creditor " must be in such a situation that when the surety comes to be " substituted in his place by paying the debt, he may have an " immediate right of action against the principal. An exten- " sion of credit to the debtor for one day, discharges the surety " as effectually as if made for one year." *Bangs* v. *Strong*, 7 Hill, 250; *Bower* v. *Tielman*, 3 Denio, 378; *Fellows* v. *Prentiss*, 3 Id. 512; *Bangs* v. *Strong*, 10 Paige, 11; *Wayman* v. *Hoag*, 14 Barb. 232; *Leavitt* v. *Savage*, 16 Maine, 72; *Mallett* v. *Lime R. B.*, 34 Id. 547; *Chase* v. *Brooks*, 5 Cushing, 43; *Payne* v. *Com. Bank*, S. & M. 24; *Flynn et al.* v. *Mudd et al.* 27 Ill. 323; *Gardner* v. *Watson*, 13 Id. 347; *Warner* v. *Campbell*, 26 Id. 282.

Counsel insisted that the proposed amendment to the bill should have been allowed; that the necessity for the amendment will depend upon whether the general charges in the bill of extension of payments were enough to let in the proof.

Messrs. GOOKINS, THOMAS & ROBERTS for the defendants in error.

Conceding, for the purpose of the argument, that the extension was made by Rosenfeld without Farwell's knowledge and consent, Rosenfeld & Rosenberg were agents for a special purpose, viz., to collect the note. Such an agent has no power to compromise, extend, or do anything else except collect the note and interest, and deliver it to the maker. *Corning* v. *Strong*, 1 Ind. 329; *Russell* v. *Drummond*, 6 Id. 218; *Miller* v. *Edmonston*, 8 Blackf. 291.

If, therefore, Rosenfeld & Rosenberg made an agreement with Zimmerman to extend the time of the payment of the note, the plaintiff in error must show (and the onus is upon him) that they had authority from the owner to make the agreement. This is not shown; on the contrary, Rosenfeld says that he was empowered by Sondheim, the owner, to make the agreement for the extension, "by getting Mr. Farwell's consent." Rosenfeld swears that he informed both Zimmerman and Farwell when he first demanded payment that Rosenfeld & Rosenberg no longer owned the note, and that they were acting as agents for the owner. Zimmerman admits Rosenfeld & Rosenberg so told him.

But it may be insisted that, although Rosenfeld & Rosenberg had no authority to extend time of payment, yet Sondheim accepted the interest in advance, and thereby ratified the act and adopted it. But the answer to this is, that there is no evidence that Sondheim knew that the extension was given *without* Farwell's consent. The presumption would be, that he received the money under the belief that his agents had pursued the authority given, viz., to extend without Farwell's consent; and Rosenberg swears that Sondheim sent him to Far-

well, "as he (S.) always looked to Farwell as the responsible party." But the onus is upon the plaintiff in error to prove affirmatively that Sondheim had full knowledge that the extension was made without Farwell's consent. For there can be no ratification by implication of the act of the agent who exceeds his authority, unless the principal had full knowledge of all the facts. *Copeland* v. *The Mer. Ins. Co.*, 6 Pick. 203; *Roach* v. *Coe*, 1 E. D. Smith, 175; *Delafield* v. *The State of Illinois*, 26 Wend. 227; *Nixon* v. *Palmer*, 4 Seld. 398; *Seymour* v. *Wychoff*, 6 Id. 213.

Therefore, if Rosenfeld be a credible witness, the extension was made with Farwell's consent. If he be successfully impeached, as he manifestly is not, then there is no evidence that Rosenfeld & Rosenberg were authorized to extend, and the agreement was void, as made by an agent having only power to collect.

There was no error in refusing leave to file the proposed amendments to the bill.

The plaintiff in error asked the leave without opening the case for further proof. There was no error in refusing the leave, if, upon the proofs, the bill would have been dismissed notwithstanding.

But at that stage of the cause, it was a matter of discretion to permit the amendments, whose exercise will not be reviewed here. This court has said that, "After a cause is submitted, it "should be a case of extraordinary necessity to allow amend-"ments to the bill." *Jefferson Co.* v. *Furguson*, 13 Ill. 35; *McArtee* v. *Engart*, Id. 249.

There was therefore no error in refusing the amendments and dismissing the bill.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is a suit in equity to restrain the collection of a judgment, rendered by the Cook County Court of Common Pleas, against the plaintiff in error and Henry W. Zimmerman in favor of Max A. Meyer, one of the defendants in error, upon a

promissory note executed by Zimmerman as principal and the plaintiff in error as surety. Attached to the note was a letter of attorney in the usual form, pursuant to which the judgment was entered by confession. The bill alleges that Rosenfeld & Rosenberg were the holders and owners of the note when it became due, and for a long time thereafter; and that in consideration of large sums of money paid to them as usurious interest they agreed with Zimmerman to extend, and they did extend the time of payment, from time to time, without the knowledge or consent of the plaintiff in error, whereby he was discharged from liability. We are satisfied from the evidence that Rosenfeld & Rosenberg agreed with Zimmerman to extend, and did extend the time of payment, from time to time, in consideration of the sums of money paid them; and that these agreements were made without the knowledge or consent of the plaintiff in error; but the agreements, in order to operate as a discharge of the plaintiff in error, must be shown to have been binding as between Zimmerman and the owner of the note, at the times when they were made. An agreement for forbearance must be one which can be enforced by the principal against the creditor, and be available to him, either as a cause of action or as a defense, or it will not operate to discharge a surety. 3 Lead. Cas. in Eq. 563.

It was therefore necessary for the plaintiff in error to establish that Rosenfeld & Rosenberg were the owners of the note as alleged, or that they had authority from the owner to make the agreements mentioned. It appears that Rosenfeld & Rosenberg had possession of the note at the time the first and some of the subsequent agreements were made, while upon other occasions they declared that the note was not in their possession. Zimmerman testifies that he was informed by them, when the first agreement was made, that they were not the owners of the note.

The possession of a note indorsed in blank, unaccompanied by any declaration in regard to its ownership, is *prima facie* evidence that the holder is the owner; but when accompanied with a declaration that he is not the owner, the presumption

arising from the possession is rebutted.   The testimony of Zimmerman is the only evidence to sustain the allegation that Rosenfeld & Rosenberg were the owners of the note at the times when the agreements for forbearance were made; and we think it fails to establish the allegation.

Rosenfeld & Rosenberg both testified that they were not the owners of the note at those times; and if their testimony could be relied upon, it would show that one Sondheim was then the owner; but if rejected as unworthy of belief all of it must be rejected.   We cannot detach parts of sentences in their depositions and consider them as true, and reject the residue of their testimony as not entitled to credence.   After a careful examination of their testimony we have arrived at the conclusion that it is too unsatisfactory for any reliance to be placed upon it.   On the hearing in the court below the plaintiff in error asked leave to amend his bill by charging that Rosenfeld & Rosenberg pretended that one Sondheim was the owner of the note, and that if this were true they were authorized by him to make the agreements.   We are of the opinion that the amendment should have been allowed.   It not unfrequently happens that the evidence does not support the allegations of the bill precisely in the form in which they are made; and it subserves none of the purposes of justice to dismiss a bill on the ground of a variance between the pleadings and the proof when a slight amendment will render the testimony admissible.

After an examination of Rosenfeld & Rosenberg as to their ownership of the note, and in regard to their authority, an allegation that if Sondheim was the owner Rosenfeld & Rosenberg had authority from him to make the agreements which they did make, could not have operated as a surprise to the defendants. The establishment of Rosenfeld & Rosenberg's authority was an affirmative fact which it was for the plaintiff in error to prove. The possession of the note accompanied with declarations that they were not the owners thereof did not suffice for that purpose; and the only other evidence in regard to their authority is the testimony of Rosenfeld.   He testifies that Sondheim allowed him to make the agreements by procuring the consent

of the plaintiff in error. If this statement is true he had no authority to make the agreements without the consent of the plaintiff in error, which we are satisfied he did not obtain, and if the statement is not to be relied upon, we are without sufficient evidence to establish authority to make the agreements. It was insisted in argument that Sondheim, by receiving the moneys paid to Rosenfeld & Rosenberg, had ratified the agreements made by them. A principal, who with a full knowledge of all material facts affecting his rights, receives moneys paid to one purporting to be his agent, in pursuance of an unauthorized agreement made by him, is precluded from questioning the agent's authority in the transaction. His deliberate acceptance of its benefits, is an undertaking to discharge its burdens; but like all other contracts, an essential ingredient is the assent of the party to be bound thereby. Where the facts are known, the assent of the principal is inferred from his acts irresistibly leading to that conclusion; but no such inference can be drawn in regard to an obligation arising from facts of which he had no knowledge. A party who asserts a liability arising from an implied assent must show that the facts were known to the person charged with incurring the liability arising therefrom.

The testimony of Rosenfeld, if relied upon, would show that Sondheim knew of extensions of the time of payment from time to time, but there is no evidence showing that he knew that the agreements for such extensions were made without the consent of the plaintiff in error.

If Sondheim was the owner of the note he was justified in believing that his agents, Rosenfeld & Rosenberg, had pursued their authority until he was informed to the contrary; and he ought not to be charged with the consequences of a departure therefrom without evidence that he knew of it. But it is evident that the owner of the note, whoever he was, received the sums of money paid by Zimmerman for forbearance, and they ought to be applied in part payment of the debt. The legal rate of interest in this State is six per cent.; and although parties are allowed to stipulate for a rate of interest not exceeding ten per cent., the privilege thus given must be exercised in

conformity with the statute. An agreement which cannot be enforced as it was made will not be enforced at all. Where parties stipulate for a higher rate of interest than ten per cent., the agreement cannot be enforced as it was made, and we cannot substitute for it an agreement which the parties did not make. In such cases that part of the agreement stipulating for a higher rate of interest than six per cent. will not be enforced; and the lender or other person contracting for an illegal rate of interest will be allowed (where no forfeitures or penalties are insisted upon) only to recover six per cent., as the measure of value which our law has established for the use of money, where no agreement has been made for a higher rate, in conformity with its provisions. Although usurious interest voluntarily paid, since the passage of the act of 1857, cannot be recovered back; still, so long as any part of the debt remains unpaid, the debtor may insist upon a deduction of the usury therefrom. The usury received is considered as having been extorted by means of the debt, and is to be applied in part payment of the same. So much of the note as the debtor was entitled to have satisfied by payments of usurious interest as was included in the judgment entered without notice, and in a manner affording him no opportunity of asserting his rights, he was entitled to have deducted, and to that extent the judgment should have been enjoined.

The decree of the court below will be reversed and the cause remanded.

*Decree reversed.*