# MATTHEW HENDERSON

*v.*

# PATRICK BELLEW.

1. USURY — *upon what terms enforced in equity.* Where a complainant comes into a court of equity and asks its interposition against usury, he will only be entitled to it upon equitable terms; which would be the payment of the principal and legal interest.

2. Although a defendant in a court of equity may insist upon the penalties of the statute of usury, yet the court will not enforce those penalties at the prayer of a complainant, but will require him to do equity as a condition of relief.

3. SAME — *when purchaser of mortgaged premises may set up usury.* If, in a sale of land, subject to a mortgage, tainted with usury, the purchaser is informed of the fact of usury by the vendor, and authorized by him to set it up as against the mortgage, the abatement to which the mortgage would be subject on account of usury, thus constituting an element in the price of the land, the purchaser under such circumstances would be at liberty to raise the question.

4. But, if the mortgage on its face draws only legal interest, and the purchaser buys from the mortgagor subject to the mortgage as it stands, no reference being had in the price to any hidden taint of usury, the presumption is that the vendor desires the mortgage paid according to its terms; and it is not for the purchaser, who has bought the land expressly subject to the mortgage, and who has probably been allowed for it in the purchase money, to undertake to evade its full payment by setting up usury.

5. Where a vendor sells land expressly subject to a mortgage, he affirms it.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was a bill in chancery filed in the Circuit Court of Stephenson county, by Patrick Bellew, against Matthew Henderson and Jacob Reigard. The bill alleges that in May, 1863, the complainant, Patrick Bellew, purchased of Robert Bellew a lot of ground, taking a deed therefor, subject to a certain deed of trust, made by the vendor to Reigard as trustee for Henderson, to secure a note for $850, with interest at ten per cent, payable in eight months, and bearing date April 4, 1863. The bill further alleges that interest at the rate of thirteen per

cent, had been agreed upon between Robert Bellew and Henderson, and claims forfeiture for usury. Claims payment of all the mortgage debt, except such as became forfeited by reason of the usury, and offers to pay any balance the court may adjudge to be due. The bill further alleges that the trustee has advertised the premises for sale to pay the balance due on the note. The bill prays for an injunction, which was granted. The defendants filed their answer. Upon the hearing the Circuit Court decreed, that, upon payment by Patrick Bellew to Henderson of the sum of $68.50, within ten days from the entry of decree, the sale of the premises under the trust deed be perpetually enjoined. From this decree Henderson prayed and obtained an appeal to this court.

The facts sufficiently appear in the opinion.

Mr. J. A. CRAIN, for the appellant.

Messrs. MEACHAM & GOODHUE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

On the 4th of April, 1863, one Robert Bellew executed to the appellant, Henderson, his promissory note for $850, drawing interest at ten per cent, and at the same time executed a deed of trust upon certain real estate to secure its payment. Patrick Bellew, the appellee, subsequently bought the land from Robert, and received from him a deed with a proviso that it was subject to the deed of trust. The note being past due, and not fully paid, the trustee was about to sell, under the deed of trust, when Patrick Bellew filed his bill praying that the sale be enjoined on the ground that there was an agreement between Henderson and Robert Bellew, when the note was given, that, although on its face it drew but ten per cent interest, it should, in fact, draw thirteen per cent, and that Robert Bellew had paid interest at that rate up to February 1, 1865. The case coming on to a hearing, the above facts were proven, and also, that $475 had been paid on the 7th of May, 1866, which appears to be all that has been paid on the note except

the interest, at thirteen per cent, paid by Robert Bellew. The court decreed a perpetual injunction of the sale, on the payment, by the complainant, of $68.50.

Even if this complainant could raise the question of usury, inasmuch as he comes to a court of equity and asks its interposition, he would only be entitled to it upon equitable terms, which would be the payment of the principal of the note and legal interest less the credits. Although a defendant in a court of equity may insist upon the penalties of the statute of usury, yet that court will not enforce those penalties at the prayer of a complainant, but will require him to do equity as a condition of relief. This is an established principle, and the rule has been laid down by this court in several recent cases.

But, independently of this principle, this complainant is entitled to no injunction against the proposed sale. Whatever may have been the private agreement between Henderson and Robert Bellew, as to the interest to be paid by the latter beyond ten per cent, it is not pretended that the right to reckon the unpaid interest at that rate is now claimed by Henderson. The interest was paid by Robert Bellew up to February 1, 1865 ; and, whether he paid it at ten per cent or chose to recognize a private agreement which was not legally binding upon him, and pay it at thirteen per cent, is a matter with which this complainant has no more concern than he would have had with a gift of the same amount which Robert Bellew might have chosen to make to Henderson. All that the latter now claims under his deed of trust is the principal of the note and interest at the rate of ten per cent from the time to which Robert Bellew paid the interest, less the $475 paid by the complainant himself. He claims simply to enforce the deed of trust according to its terms, and the complainant took the land expressly subject to this deed. Whatever money was paid by Robert Bellew, he swears himself he paid as interest up to the date of payment. The amount thus paid is not given.

There is some discrepancy in the authorities as to how far other persons besides the debtor may raise the question of usury We hold the better rule to be, that, if, in a sale of land

subject to a mortgage tainted with usury, the purchaser is informed of the fact of usury by the vendor, and authorized by him to set it up as against the mortgage, the abatement to which the mortgage would be subject on account of usury thus constituting an element in the price of the land, the purchaser in such circumstances would be at liberty to raise the question.

But if, as in the present case, the mortgage on its face draws only legal interest, and the purchaser buys from the mortgagor subject to the mortgage as it stands, no reference being had in the price to any hidden taint of usury, the presumption is that the vendor desires the mortgage paid according to its terms, and it is not for the purchaser who has bought the land expressly subject to the mortgage, and who has probably been allowed for it in the purchase money, to undertake to evade its full payment by setting up usury. His vendor in selling the land subject to the face of the mortgage made it obligatory upon the purchaser to recognize it as an existing lien upon the land, and it would be unjust to the vendor to permit that obligation to be evaded by suffering the purchaser to say that the contract of the vendor with the mortgagee was not obligatory upon the vendor. It is enough that he has chosen to consider it as obligatory. By selling expressly subject to it he affirms it. *Shufeldt* v. *Shufeldt,* 9 Paige, 145; *Post* v. *Dart,* 8 id. 641; *Given* v. *Kemp,* 13 Mass. 515; *Reading* v. *Weston,* 7 Conn. 413; *Post* v. *Bank of Utica,* 7 Hill, 406; *De Wolf* v. *Johnson,* 10 Wheat. 367; *Valentine* v. *Fish,* post, p. 462.

The decree of the Circuit Court must be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*