## MESHACH PIKE

*v.*

## DANIEL O. CRIST *et al.*

1. USURY—*under guise of liquidated damages.* Where promissory notes, made up of several prior notes and dealings between the same parties, were made payable thirty days after date at ten per cent interest, and if not paid at maturity, twenty per cent after ·maturity, as liquidated damages, and it was shown that in the beginning of the dealings between the parties it was understood that the payee was to pay twenty per cent interest for all moneys loaned to him, if not paid in thirty days; that when the last notes were given payable in thirty days, the payee had agreed to let them run for a year; that at least three of the previous notes merged in these, were drawn in the same form; and it appeared, by the admissions of the payee, that this was a form adopted by him to obtain twenty per cent interest, without violating the statute, as he supposed: *Held,* that the twenty per cent expressed to be liquidated damages was not such in good faith, but a mere device to cover up an usurious transaction.

2. SAME—*where a purchaser may set up usury.* Where a purchaser of land from a mortgagor received a deed of warranty which, after reciting that it was subject to certain mortgages, contained this clause: " all three of which mortgages the above grantee assumes and agrees to pay, except any usurious and illegal interest in the same:" *Held,* that, as under this clause, the right of the mortgagor to an abatement of the usury entered into the consideration of the purchase as an element of the price, the grantee had the right to · question the validity of the mortgages in respect to usury.

3. SAME—*interest allowed when purged.* Where a part of the principal of notes secured by mortgages was composed of usury, and an usurious rate of interest was expressed on the face of the notes under the guise of liquidated damages if not paid at maturity, the circuit court, after finding the sum actually due after deducting the usury, allowed but six per cent interest on that sum from the date of the notes, instead of ten per cent, on bill filed by the grantee of the mortgagor: *Held,* no error, as this court has adopted six per cent as that which equity requires a party seeking relief shall pay in such cases.

APPEAL from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. HAMILTON SPENCER and Mr. O. T. REEVES, for the appellant.

Messrs. SHACKLEFORD & POLLOCK, and WELDON & BEN-JAMIN, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

It is first to be considered whether any usurious interest entered into, and composed a part of, the principal sums of the two notes given by Ralph and Rebecca Bennett to Pike, and secured by their mortgages on the land in controversy, one for $2039.94, bearing date January 19, 1868, and the other for $854.23, bearing date January 16, 1869.

At the time of making the first note, Pike held a mortgage and various notes and accounts against the Bennetts, growing out of a series of former transactions between the parties of the loan of money by Pike, and a settlement was had of them, the interest calculated, and they were cancelled and given up; and in place of them, for the whole amount found due in respect to them, said note was given.

As to all the particular items which went to make up the amount of the note, the evidence is not explicit.

Without entering into what would be a tedious review of the testimony bearing upon the point, we will content ourselves with saying, that the examination of it has satisfied us, that in view of all the evidence, as well that derived from the admissions testified to, of Pike, as from the testimony in the case, of the parties, the court below was justified in finding, as it did, that usurious interest to the amount of $180.40, was embraced in the principal sum of that note.

Still more warrant in the proofs is there, for the finding of the court that $347.96 of usurious interest went to make up the amount of the second note for $854.23. This note too, was composed of the aggregate amount of various smaller items; but the evidence is more satisfactory as to what they were, than in the case of the first note; the chief item of usurious interest, being interest on the former note of $2039.94, at the rate of ten per cent for thirty days, and twenty per cent afterward.

And this brings us to the next point in the case, whether these two notes bore an usurious rate of interest.

They were both drawn payable thirty days after date, with interest at ten per cent, and, if not paid at maturity, twenty per cent after maturity, as liquidated damages.

This court has held that an agreement to pay a greater rate of interest than that allowed by the statute, upon the amount of a note after the time of its becoming due was not in itself usurious. *Lawrence* v. *Cowles*, 13 Ill. 578; *Gould* v. *The Bishop Hill Colony*, 35 id. 324. It was, however, said, in the latter case, if a note were given due at date, or on short time, so as to induce the belief that it was only designed to evade the statute, then the rule would be different.

It was in evidence, that the understanding was, in the beginning of the transactions with Pike, that the Bennetts were to pay him twenty per cent interest for all money loaned by him if not paid in thirty days; that the reason why the money was borrowed at thirty days, was the promise of Pike, that if they could not pay at that time, they might have the money for a year. It is in proof, that at least three of the previous notes executed before the one for $2309.94, in which they were merged, were drawn in the same precise form in respect to interest and time of payment; and admissions of Pike were in evidence which tended to show that that was a form of security he had adopted to obtain twenty per cent interest, without, as he supposed, violating the statute.

There is, it is true, in the case of the first note, and perhaps in some of the preceding ones, evidence that Bennett expected to obtain the money from a source he relied on to pay the note by the time it fell due. Nevertheless, in the light of the whole testimony, the court might well have come to the conclusion that the twenty per cent interest specified in the notes, was not in good faith liquidated damages for the non-payment of the notes at the time when they should become due, but a device to cover an usurious transaction.

Can Crist, the grantee of Ralph and Rebecca Bennett, set

up usury against the mortgages given by the Bennetts to secure the payment of the notes?

The warranty deed from Ralph and Rebecca Bennett to Crist, of the land covered by the mortgages, after reciting that it is subject to the two mortgages in question and one other, contains the following clause, to-wit: " All three of which mortgages the above grantee assumes and agrees to pay, except any usurious and illegal interest in the same mortgages given to Meshach Pike." Under this clause, the abatement to which the mortgages might be subject, on account of usury, must be taken as having entered into the consideration of the purchase as an element in the price of the land, and by clear implication the grantee has the right to question the validity of the mortgages in respect to usury. The case comes within the rule, in that regard, as recognized in *Henderson* v. *Bellew*, 45 Ill. 322, and *Valentine* v. *Fish*, id. 462.

The court did not err in not allowing interest at the rate of ten per cent upon the amount found to be actually due upon the mortgages, and in allowing but six per cent interest.

This court has adopted the latter rate of interest as that which equity requires the complainant, seeking relief in such cases, should pay. *Farwell* v. *Meyer*, 35 Ill. 40; *Sutphen* v. *Cushman*, id. 186.

It is claimed, that even on the basis which was adopted by the court below, of purging from the principal sums of the notes, the amounts of usurious interest found to be contained in them, and allowing interest only at the rate of six per cent on the remainder, there was an error against the appellant of $116.78, in the computation of interest on the note for $2,309. 94, of January 19, 1868. But this supposed error is based on the evidently mistaken assumption that the interest should have been calculated on the note from the time of its date, and for the first year, whereas, the first year's interest on it at the rate of six per cent, made up a part of the note for $854.23, given January 16, 1869, and was there allowed in the amount found due upon that note.

As to the award of costs complained of, we see no reason to

interfere with the exercise of the discretion of the court in that matter.

Perceiving no error in the record the decree must be affirmed.

*Decree affirmed.*