## Case No. 11,389.

### In re PRESCOTT.

[5 Biss. 523; [1] 9 N. B. R. 385; 6 Chi. Leg. News. 151.]

District Court, N. D. Illinois. Jan., 1874.

BANKRUPTCY—PROOF OF CLAIM—USURY—FORFEITURE OF INTEREST.

1. A creditor offering to prove a debt against a bankrupt estate stands in the position of a plaintiff at law, and in Illinois if his debt is usurious, forfeits the whole interest.

2. The assignee can take advantage of usury, and the defense is good so long as any part of the principal debt remains unpaid.

[Cited in Beals v. Lewis, 43 Ohio St. 223, 1 N. E. 641.]

In bankruptcy. This was an exception by the assignee in bankruptcy of Martin Prescott to the decision of the register allowing the claim of J. W. Lawrence for $3,300. This claim was made up of two items. 1. A note for $300, which Lawrence had signed as surety with the bankrupt, and afterwards paid. 2. A claim of $3,000 for money loaned by Lawrence to the bankrupt at different times, on which he had received interest at the rate of two per cent. per month. The total amount of interest paid was $1,500. The statute of Illinois regulating the rate of interest is as follows: "If any person or corporation in this state shall contract to receive a greater rate of interest than 10 per cent. upon any contract, verbal or written, such person or corporation shall forfeit the whole of said interest so contracted to be received, and shall be entitled only to recover the principal sum due to such person or corporation." 1 Gross' St. p. 371, § 11.

E. Stanford, for assignee.
Hutchinson & Luff, for creditor.

BLODGETT, District Judge. When a creditor seeks to prove a debt against the estate of a bankrupt, he stands in the position of a plaintiff in a suit at law seeking to

enforce such claim. In re Pittock [Case No. 11,189].

By the 3d section of the act of the legislature of this state, approved January 31, 1857, regulating rates of interest to be paid, which act was in force at the time of the transaction in question, any agreement to pay a greater rate of interest than ten per cent. works a forfeiture of all interest. Sess. Laws 1857, p. 46.

The supreme court of this state has construed this statute, holding that if the party who took usury is seeking to enforce his claim by suit, he forfeits all interest. Snyder v. Griswold. 37 Ill. 216; Cushman v. Sutphen, 42 Ill. 256.

It is very clear to me that Mr. Lawrence must be held by this court to be in the same position as if he had brought suit to recover this demand for $3,000 money loaned, to which the assignee may set up any defense that Prescott could have set up if bankruptcy had not intervened.

The defense of usury can be pleaded so long as any part of the debt for which the usury was paid, or agreed to be paid, remains unpaid. Farwell v. Meyer, 35 Ill. 40; Booker v. Anderson, Id. 66; Saylor v. Daniels, 37 Ill. 331; Parmelee v. Lawrence, 44 Ill. 405.

In the light of the rules laid down in these cases, there can be no doubt that the facts in this case show that Lawrence has given $1,500 for usurious interest on this $3,000 loan, and that the same should be applied to the extinguishment of the principal debt. This case is widely different from those cases where a debtor has sought relief in a court of equity from a usurious contract. In such cases, the courts, acting upon the principle that he who seeks equity must do equity, have generally required the payment of interest at the rate fixed by law where there was no special contract. Here the party seeks to enforce a contract on which he has received a large amount of usurious interest, which the debtor or his assignee may set off against the debt.

The exceptions to the filing of the register, so far as this $3,000 demand is concerned, will be sustained, and an order entered that the sum of $1,500 be deducted therefrom, leaving the claim fixed by the finding of this court on the facts at $1,800 instead of $3,300.