Okey, J.
1. In some cases a party, by receiving the amount of a judgment in his favor, waives the right to prosecute error or an appeal. Tabler v. Wiseman, 2 Ohio St. 207, 216. But that principle does not apply here. The plaintiff received the amount admitted to be due, and for which the court had rendered judgment; but the only matter in controversy was as to $1,533.30, which the de *223 fendants alleged and the court found to be usurious interest, which the plaintiff was not entitled to recover. We think it was competent for the plaintiff to receive the amount of the judgment, and prosecute an appeal, and finally a proceeding in error, with respect to the claim for $1,533.30. U. S. v. Dashiel, 3 Wall. 688; Embry v. Palmer, 107 U. S. 3.
2. Levi Lewis conveyed his interest in the partnership property to C. A. & G. W. Lewis, in consideration, among other things, that they would pay the partnership debts, Including the debt of Beals. Busby v. Finn, 1 Ohio St. 409; Cramer v. Lepper, 26 Ohio St. 59 ; and Jones v. Ins. Co., 40 Ohio St. 583, are cited to show that C. A. & G. W. Lewis are estopped. These cases do not apply. The defense is "interposed by C. A. & G. W. Lewis, not as the assignees or vendees of Levi Lewis, but as debtors, as makers of the note, and as mortgagors, and they may well make such defense. 1 Jones on Mortg., § 644 ; 1 Pomeroy’s Eq., § 391. Nor is the assignee precluded from making such defense, although O. A. & G. W. Lewis may have returned the debt, in the bankruptcy proceeding, at the full amount claimed by Beals. Union Bank v. Bell, 14 Ohio St. 200, 210; In re Prescott, 5 Biss. 523.
3. It is said the transaction of March 7, 1870, by which the note of $506.16 was canceled, and a new note, embracing that note and an additional sum of money, was executed, operated as payment of the old note; and that the same effect followed the transaction of March 11, 1872, when the second note was canceled, and the note and mortgage for $4,500, embracing such second note and an additional sum of money were executed. But prima, facie the second and third notes were notes in renewal (Baggs v. Loudenback, 12 Ohio 153 ; 34 Ohio St. 146), as well as evidence of the additional loans, and we see nothing in the transactions which leads to the conclusion that we should regard either the first or second notes as paid. They were simply canceled, and the debt they evidenced remained unsatisfied. The only transaction was a loan of money by *224 Beals to Levi Lewis and his two sons, and although the money was not all advanced at one time, but different amounts were advanced on three different occasions, the lender and borrowers were in each case the same, and in the notes evidencing the debt Beals was always the payee, Lewis & Sons the makers. The district court did not err.

Judgment affirmed.