## E. C. JOHN CLEAVER ET AL.
### v.
## CHRISTIAN BURCKY ET AL.

1. MORTGAGE—SALE—USURY.—Where a usurious contract is secured by a mortgage, if a sale is made subject to the mortgage, and the amount of the incumbrance is deducted from the price, the grantee will not be permitted to make the defense of usury.

2. VERBAL AGREEMENT.—Where a conveyance was made subject to the deed of trust, and the purchaser expressly covenanted to pay the indebtedness secured thereby, and the amount of the incumbrance, provisionally at least, was deducted from the price, but it was claimed that there was an

oral contemporaneous agreement, by which the purchaser was to endeavor to reduce the amount of the incumbrance by setting up the usury, and in case of success, to pay the grantor the amount of the reduction out of the purchase money retained by him. *Held*, that the rights of the parties must be controlled exclusively by the terms and covenants of the deed, the oral agreement being incompetent to contradict the terms of the written agreement.

Appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding. Opinion filed October 22, 1885.

Mr. Frank J. Crawford, and Mr. James M. Cleaver, for appellants; that it was competent for the vendor to transfer to his vendee the right to interpose the defense of usury, cited Maher v. Lanfrom, 86 Ill. 513; Henderson v. Bellew, 45 Ill. 322; Valentine v. Fish, 45 Ill. 462.

The evidence of the verbal agreement was competent: Anson on Contracts, Part IV, Ch. 1, § 3; Erskine v. Adeane, L. R. 8 Ch. 766; Remington v. Palmer, 62 N. Y. 31; Wetherbee v. Potter, 99 Mass. 361; Carr v. Dooley, 119 Mass. 294; McCormick v. Cheevers, 124 Mass. 262.

Messrs. Paddock & Aldis, for appellees; that appellants had no right to maintain the defense of usury, cited Henderson v. Bellew, 45 Ill. 324; Valentine v. Fish, 45 Ill. 468; Pike v. Crist, 62 Ill. 464; Maher v. Lanfrom, 86 Ill. 513.

Bailey, P. J. This was a bill in chancery, brought by the appellants against the appellees, for an accounting, and to redeem from a deed of trust, and for an injunction to restrain, in the meantime, a foreclosure under the power of sale. On the 15th day of October, 1877, Frederick Burcky executed to Christian Burcky his promissory note for $9,366.92, due three years after date, with interest at the rate of nine per cent. per annum, payable annually; and to secure said note, executed to Edward Milan, as trustee, and to Robert W. Hyman, his successor in trust, a deed of trust upon certain lands in Cook county, with the usual power of sale; said deed also containing

a provision that, in case of the failure of the grantor to pay the taxes on said lands, the holder of the note might pay the same, and that all moneys thus paid, with interest thereon at the rate of ten per cent. per annum, should become so much additional indebtedness, secured by the deed of trust, to be paid out of the proceeds of the sale of the premises thereby conveyed.

On the 28th day of August, 1882, said note remaining wholly unpaid, Frederick Burcky conveyed said premises, subject to said deed of trust, to E. C. John Cleaver, one of the complainants, the grantee expressly assuming and undertaking to pay the indebtedness thereby secured, such assumption being in the following words: " Subject, however, to an indebtedness secured by a trust deed of said premises to Edward Milan, trustee, dated October 15, 1877, recorded, etc., which indebtedness the party of the second part hereby assumes and agrees to pay, and hold the said Frederick Burcky harmless therefrom." The consideration of said conveyance was $19,000, less the amount of the deed of trust. Before its payment, a statement was obtained from Christian Burcky of the amount, principal and interest, due on the deed of·trust, including the taxes paid by him and interest thereon, which showed a total of $16,876.90, and Cleaver, after deducting and retaining that amount out of the $19,000, paid the residue over to Frederick Burcky.

It is alleged by the complainants, and the evidence tends to show, that a portion of the consideration for which said promissory note was given, was certain items of antecedent indebtedness from Frederick Burcky to Christian Burcky, upon which certain amounts of unlawful and usurious interest had been agreed to be paid by the former to the latter, and that said usurious interest was included in and formed a part of the principal of said note. It is also alleged, and the evidence tends to show, that at the time of said conveyance, Cleaver, the grantee, was authorized by Frederick Burcky to set up said usury on his behalf, and to have the same applied in reduction of the deed of trust, and that it was orally agreed, that if said Cleaver should succeed in obtaining such reduction,

he would pay over the amount thereof to said Frederick Burcky. The bill was accordingly brought by Cleaver, and another to whom he had conveyed the land, or some interest therein, setting up said usury and praying to have the same ascertained and applied upon the deed of trust. The court at the hearing denied the claim for the alleged usury, and dismissed the bill for want of equity.

The question is thus presented whether, under the deed from Frederick Burcky to Cleaver, the latter had the right to set up the usury to defeat, *pro tanto*, the deed of trust. The general rule is, that the defense of usury is personal to the debtor, and can be set up only by him and those in privity with him. The debtor, if he sees fit, may waive the defense, and devote his property to the payment of the debt; and if he does so, mere strangers to the usurious contract have no right to complain. Where the usurious contract is secured by a mortgage, a party who purchases from the mortgagor without any deduction from the price on account of the incumbrance, becomes invested with the right to interpose the same defense as might have been made by the mortgagor. In such case, the conveyance amounts to an authority to the purchaser to interpose the defense of usury against the collection of the mortgage debt. But if the sale is made subject to the mortgage, and the amount of the incumbrance is deducted from the price, the grantee will not be permitted to make the defense of usury. Maher v. Lanfrom, 86 Ill. 513; Shufelt v. Shufelt, 9 Paige, 137; Post v. Dart, 8 Id. 639; Cole v. Savage, 10 Id. 583; Tyler on Usury, 403, *et seq.*, and authorities cited.

In this case, not only was the conveyance made subject to the deed of trust, but the purchaser expressly covenanted to pay the indebtedness thereby secured, and the amount of the incumbrance, provisionally at least, was deducted from the price. Unless, then, the rights of the parties are modified by the oral agreement entered into between Frederick Burcky and Cleaver, cotemporaneously with the conveyance, the deed must be regarded as a waiver of the usury by Burcky, and an appropriation on his part of the mortgaged property to the payment of the indebtedness secured by the deed of trust; and

Cleaver, by his covenant to pay said indebtedness, entered into new and binding contractual relations with the holder of the security.

What force, then, is to be given to the oral, cotemporaneous agreement? By that agreement Cleaver was to endeavor to reduce the amount of the incumbrance by setting up the usury, and in case of success, to pay Burcky the amount of the reduction out of the purchase money retained by him. To give effect to such agreement would clearly be in violation of the rule which forbids the admission of oral testimony to vary or contradict a written agreement. By the deed, Cleaver undertook to pay the indebtedness, while by the parol agreement he was not to pay but to contest it. By the deed, Burcky waived the usury and made an express appropriation of property for its payment, while by the parol agreement he attempted to assert the defense of usury and to authorize his grantee to plead it on his behalf. We think, therefore, that upon well established principles, the oral agreement must be disregarded, and that the rights of the parties must be controlled exclusively by the terms and covenants of the deed.

We are referred to several decisions by the Supreme Court, but we think that none of them are in conflict with the conclusions we have reached in this case. In Pike v. Crist, 62 Ill. 461, where it was held that the grantee of premises incumbered by several mortgages had a right to set up the usury in said mortgages, it was expressly provided in the deed that the conveyance was made subject to, and the grantee assumed and agreed to pay said mortgages, "except any usurious and illegal interest in the same." · In Henderson v. Bellew, 45 Ill. 322, it was expressed in the deed that the purchaser took the land subject to a certain deed of trust, previously executed by the grantor, and the court held that he was not entitled to avail himself of usury in said deed of trust.

In Valentine v. Fish, 45 Ill. 462, the conveyance was made subject to the prior mortgage. In a bill to redeem, setting up the usury, both the mortgagors and their grantee were made parties complainant, and the court held that the mortgagors had a right to file a bill on their own behalf and set up the

usury, and to have an account stated, so as to be able to pay up the balance of their mortgage and have the same canceled; and that their grantee, who held the equity of redemption, had a right, with their consent, to be a party complainant, and as he had purchased subject to the mortgage, the amount found to be due thereon was the measure of his liability. The court, however, lay down the rule that the mortgagor may affirm the validity of the usurious mortgage by selling the land subject thereto, in express terms, in which case the purchaser will be entitled to the equity of redemption merely, and can not himself question the validity of the prior mortgage.

In Maher v. Lanfrom, 86 Ill. 513, where the grantee of mortgaged premises was permitted to avail herself of usury in a prior mortgage, the conveyance to her was not in terms made subject to the mortgage, and no reference to the mortgage whatever seems to have been made therein, nor was anything deducted from the price of the land on account of it when she purchased—she taking the land subject to the mortgage, not by agreement, but by operation of law. Upon these facts it was held, that if a party purchased from a mortgagor without any deduction from the price on account of the incumbrance, the grantee thereby becomes invested with a right to interpose the same defenses as might have been made by the mortgagor. In such case the conveyance amounts to an authority to the purchaser to interpose the defense of usury. The court, however, expressly affirms the rule laid down in the former cases above cited, that when a sale of mortgaged premises is made in express terms subject to the previous usurious mortgage, the purchaser can not question the validity of the prior mortgage.

It is insisted that the holder of the incumbrance in this case had no right to compute interest on the taxes paid by him at the rate of ten per cent. per annum. This claim is based upon the theory that the express agreement in the deed of trust allowing such computation of interest is without mutuality, as there was no express undertaking on the part of the holder of the incumbrance to pay any taxes, and it is argued that the agreement in that behalf is therefore without consideration

To this view we are unable to assent. The trust deed is a single and entire contract, and it has a single consideration, viz., the indebtedness secured, and that consideration is sufficient to support all the various terms and stipulations of the instrument. None of its stipulations, therefore, can be lacking in mutuality. There being an express agreement that, in case of the payment of taxes by the holder of the note, the amount so paid, with interest thereon at the rate of ten per cent. per annum, should be additional indebtedness secured by the deed of trust, we can see no reason for holding that such agreement was not upon a sufficient consideration, or invalid for any reason. The grantor in the deed of trust having neglected and failed to pay the taxes, it was the clear right of the holder of the note, under the terms of the deed of trust, to pay them in his stead, and recover the same, with the interest stipulated, as a part of the incumbrance.

There being no error in the record, the decree will be affirmed.

Decree affirmed.