## HENRY L. WITTMER

. *v.*

## JOHN ELLISON.

1. SURETY—*extension of time to principal—how availed of by surety.* Where an action at law is upon a specialty, a surety can not set up a parol agreement to enlarge the time of payment without his assent, as a defense. In such case, his remedy must be sought in a court of equity.

2. CONSIDERATION *for an agreement to extend time of payment.* Where the holder of a specialty for the payment of money agrees to enlarge the time of payment in consideration of money paid to him, he can not after-wards set up the usury, and allege the invalidity of his agreement to enlarge the time of payment.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. DALE & BURNETT, for the appellant.

Mr. A. W. METCALF, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was debt, upon a *specialty*, for the payment of money by a fixed time, to appellant, plaintiff below, and was executed by one Blakeman and appellee, Ellison. The latter set up as a defense, that he executed the instrument as a mere surety for Blakeman, which was known to plaintiff; that the latter, for the consideration of money paid him by Blakeman, the principal, without the knowledge or assent of appellee, enlarged the time of payment for one year.

Evidence was given tending to establish that defense, and the jury found for Ellison. The court, overruling appellant's motion for a new trial, gave judgment on the verdict.

The point is made here, that the agreement to extend time, being based upon the consideration of money paid, was presumptively usurious, and therefore void.

Our statute, unlike that of New York, does not render every contract tainted with usury wholly void. An executory contract to pay usurious interest could not be enforced against the debtor, and would not, therefore, constitute a legal consideration. On that ground was placed the decision in *Galbraith* v. *Fullerton*, 53 Ill. 126. To the same effect is *Tudor* v. *Goodloe*, 1 B. Monroe, 322. But in the case at bar, the consideration was paid. The lender, who received it, can not set up the usury, and allege invalidity of his agreement. *Henningham et al.* v. *Bedford et al.* 1 B. Monroe, 325. The reasoning and decision in that case apply with particular force to this case, arising under a statute which does not render usurious contracts wholly void. But we are of opinion the remedy of appellee, the surety, must be sought in a court of equity.

The action is brought upon a specialty, and the agreement to extend the time of payment was by parol. By the rules of the common law, when the action is upon a specialty, the surety can not set up a parol agreement to enlarge time without his assent, as a defense. It is peculiarly a matter for a court of equity. *Davy* v. *Prendergrass*, 5 Barn. & Ald. 187; *Parker* v. *Watson*, 8 Exch. 404; *Tate* v. *Wymand*, 7 Blackf. 240; *Lock* v. *United States*, 3 Mason, 446.

On the ground that the action was upon a specialty, and the agreement to extend time of payment was by parol, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*