WILSON v. SELBIE.

1. Where, as in this state, the statute punishes only the taker of usurious interest, by declaring a forfeiture of all interest so contracted for or received, the person paying the same may, independently of the statutory remedy, maintain an action for money had and received, as at common law, to recover the excess so paid over the legal rate, or he may have such excess applied towards the payment of his debt.

2. This right continues, at least, until cut off by a plea of the statute of limitations applicable to actions for money had and received.

3. The subsequent repeal of the law declaring such forfeiture did not affect the right so resting, not on the statute, but on the implied promise.

4. By section 1100, Civ. Code, (Sec. 3733 Comp. Laws,) the usurious contract forfeited all interest, legal and illegal, but provided for the recovery by action of the excess over the legal interest only. By chapter 70, Laws 1889, this section was amended by providing that, "if any part of such interest shall have been paid, it may be recovered in an action for that purpose, or set off in an action to recover such principal." The effect of this amendment was to make available, as a cause of action or set-off, any forfeiture or penalty not barred or stale by the rule of the statute, and did not apply to payments of legal interest, made more than three years prior to the commencement of the action on the principal debt.

(Syllabus by the Court.  Opinion filed Oct, 1, 1895.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOW-MAN, Judge.

Action to have certain deeds declared mortgages, and for foreclosure of the. same.  Defendant had judgment, and plaintiff appeals.  Reversed.

The facts are stated in the opinion.

*Granville G. Bennett,* for appellant.

A counter claim is intended to secure to a defendant all the relief which either an action at law, or a bill of equity, or a cross bill would have secured on the same state of facts.  7 Wait's Act. and Def. 553; Connor v. Winton, 7 Ind. 623; Lovejoy v. Robinson, Id. 399; Leavenworth v. Packer, 62 Barb. 132; Ogden v. Coddington, 2 E. B. Smith, 317.  Forfeitures created by statute in cases of usury may be regarded as penalties.  Tyler on usury, 376; Bank v. Owen, 2 Peters, 527; Brown v. Bank, 72 Pa. St. 209. The same limitation applies to actions for the recovery of usurious interests as for penalties or forfeitures.  Carter v. Moses, 39 Ill. 543; 1 Wait's Pr. 63; Wood Limitations, 110.  Every statute must be held to be prospective and not retroactive in its operation, unless a different effect is clearly to be gathered from its terms, even though general language is used which might include past

transactions. Tyler Usury, 380; State v. Auditor, 41 Mo. 25; Finney v. Ackerman, 21 Wis. 268; Sayre v. Wisner, 8 Wend. 661; Quackenbush v. Dank, 1 Den. 128; People v. Adrine, 39 Ill. 257; Parmlee v. Lawrence, 48 Ill. 111; Cooley Con. Lim. 324. A repeal of a usury law takes away the penalty and renders a contract legal and valid. Woodruff v. Scruggs, 11 Am. Rep. 777; Curtis v. Leavitt, 15 N. Y. 9; Bank v. Allen, 28 Com. 97; Welch v. Wadsworth, 30 Com. 149; Andrews v. Russell, 7 Blackf. 474; Wood v. Kennedy, 19 Ind. 68; Danville v. Pace, 25 Grat. 1. The repeal of a statute terminates all suits, civil or criminal, pending under it. U. S. v. Van Vlict, 22 F. R. 641; Filis v. Fuller, 44 Ark. 273; Breching v. Lindaner, 37 Mich. 219; Ogden v. Blackledge, 2 Cranch, 272; Maryland v. Todd, 1 Biss. 69; Railroad v. Van Horn, 57 N. Y. 473; Hade v. McVay, 31 O. St, 231; Bedford v. Shilling, 4. Serg. and R. 401.

*Martin & Mason,* for respondent.

If the transaction is a loan, and the mortgage takes more than the legal rate, no matter under what name or disguise, it is usurious. 1 Jones on Mortgages, 639; Wood v. Cuthbertson, 3 Dak. 328; Lee v. Peckham, 17 Wis. 383. A contract, usurious when made, remains so, although the law may thereafter be changed. Sutherland, Stat. Constr. 480; 23 Ency. Law, 501; McCann v. Mortgage, 54 N. W. 1026; Hughes v. Boone, 9 S. E. 286; Root v. Pinney, 11 Wis. 84; Wood v. Lake, 13 *Id.* 84; Morton v. Rutherford, 18 *Id.* 298. The defense of a contractor against a usurious obligation goes to the remedy only. Errell v. Daggs, 2 Sup. Ct. 412; Bank v. Owen, 2 Pet. 527. Usurious interest paid should be credited on the principal of the debt. Church v. Maloy, 80 N. Y. 63; Rest v. Keech, 69 *Id.* 248; Crane v. Hubbard, 7 Paige 413; International v. Biering, 25 S. W. 622; Farwell v. Meyer, 35 Ill. 40; Booker v. Anderson, *Id.* 66; Rombeck v. Crabtree, 77 *Id.* 182; Mitchell v. Lyman, *Id.* 525. Set off is not subject to the statute of limitations because treated as payment. Allen v. Maddox, 40 Ia. 124. Where a party seeks to enforce his claim, he must take his rights subject to all counter rights of the defendant incident

claim, although an action on said counter rights may be barred by the statute of limitations. Wood Lim. 282; Ridde v. Krembrecht, 12 L. A. 297; Munroe v. Hanson, 9 Ga. 398; Evans v. Younge, 8 Rich. 113; Richardson v. Bleight, 8 B. Mon. 580; Aultman v. Torrey, 57 N. W. 211; Peden v. Carims, 34 N. E. 7; Campbell v. Hughes, 25 N. Y. 1021.

KELLAM, J.  This action was brought to have certain deeds declared to be mortgages, and for the foreclosure of the same. That the deeds were intended as and are really mortgages is conceded.  The court's findings of fact are not attacked, and the only question is what judgment should have been rendered upon them? The findings are necessarily lengthy and elaborate, but the legal questions involved may be satisfactorily exhibited by reference to and extracts from them.

The deeds which are sought to be foreclosed as mortgages were made by Miller, of whose estate respondent is administrator, to appellant, to secure a loan of $6,500 and such other advances as appellant might make to deceased.  The first loan of $6,500 was made in March, 1880.  Upon this loan, Miller, during his lifetime, and his estate subsequently, paid, and Wilson accepted, interest at the rate of $1\frac{1}{2}$ per cent. per month from the date of the loan up to and including October, 1892, except for the months of January and February, 1891.  The court held that so much of said interest as was paid between March 15, 1880, the date of the loan, and February 12, 1881, the date when chapter 31, Laws 1881 (which will be noticed further on), took effect, and so much as was paid between July 1, 1887, when chapter 207, Laws 1887 (which will also be hereafter noticed), took effect, and October 1892, were usurious, and might be applied to and set off against the original obligation of $6,500.  For other advances, Miller, on the 6th day of October, 1890, made to Wilson two promissory notes of $3,000 each, and, on October 9th of the same year, one note of $1,000, all drawing interest at 12 per cent. per annum.  It was found by the court that these three notes were renewals of various other notes, that were

themselves mere renewals of previous notes, and were made up of
sums originally loaned and accumulated interest thereon, which
had been constantly figured at 15 per cent. per annum, except at
the last renewal, where it was computed at 12 per cent. The court
further found that upon the renewal notes representing such ad-
vances and the accumulated interest thereon, computed at 15 per
cent., as aforesaid, Miller paid to Wilson as interest, at the rate
of 15 per cent., from September 2, 1889, to June 6, 1890 the sum
of $785.57, and that upon the notes so renewed and made up to
June 6, 1890, and amounting to $7,000, he paid $280, being interest
at 12 per cent. up to the time of giving the last renewals, in Octo-
ber, 1890. The court held that the interest so figured at 15 per
cent., and added to and included in renewal notes, should be de-
ducted from the face of the notes, and that the amounts so paid
in cash should be allowed as a counterclaim or set-off.

Appellant contends, against the conclusion of the court, that
defendant, Selbie, as administrator, was entitled to have credited
on the $6,500 indebtedness the 18 per cent interest paid between
the date of the loan and the 12th day of February, 1881, on two
grounds: (1) That the claim for such interest was barred by the
three-years statute of limitations, which was duly pleaded against
it; and (2) that, at most, he would only be entitled to so recover
or have applied whatever was in excess of 12 per cent., under the
provisions of the statute in force at the time when the cause of
action for the recovery of such usurious interest accrued. Upon
the first proposition, appellant's argument is that the action for
the recovery of usurious interest is an action for a penalty or a
forfeiture given by statute; that by section 4851, Comp. Laws, the
time within which such an action may be brought is limited to
three years; and that, as a counterclaim must be a cause of action
existing in favor of the defendant and against the plaintiff, it, like
an independent action thereon, is barred by such statute of limita-
tion.

To intelligently consider and determine this question, as well
as others in the case, it will be convenient, if not necessaay, to

notice the several interest statutes in force at and from the time of
the making of this contract to its attempted enforcement by this
action. In March, 1880, when the contract was made, and until
February 12, 1881, the law was: "The highest rate of interest
which it shall be lawful for any person to take, receive, retain or
contract for in this territory, shall be twelve per cent per annum,
and at the same rate for a shorter period." Civ. Code Section 1098.
"A person taking, receiving, retaining, or contracting for any
higher rate of interest than the rate of twelve per cent per annum,
shall forfeit all the interest so taken, received, retained or con-
tracted for; it being the intent and meaning of this section not to
provide a forfeiture of any portion of the principal. When a
greater rate of interest has been paid than twelve per cent per
annum, the person paying it, or his principal representative, may
recover the excess from the person taking it, or his personal rep-
resentative in an action in the proper court." *Id.* Section 1100.
On the 12th day of February 1881, by chapter 31, Laws 1881, it
became lawful in Lawrence county, where this transaction occured,
to contract for and take any rate of interest agreed upon by the
parties; and said section 1100 was by that act repealed as to Law-
rence and other counties named. If these payments of excessive
interest are to be treated as counterclaims only, there would seem
to be much force in appellant's argument, if he is correct as to
what limitation applies, but they are also pleaded as defenses. It
might be assumed as true that defendant could not have main-
tained an independent action under the statute to recover so much
of his interest as exceeded the legal rate, but it does not follow, we
think, that he is equally barred from an action outside the statute
for the recovery of such excess, or from having the same applied
towards the extinguishment of his legal liability thereon. He
would be entitled to this if there were no statute giving him an in-
dependent action to recover. Farwell v. Meyer, 35 Ill. 40; Par-
melee v. Lawrence, 44 Ill. 414; Threadgill v. Timberlake, 2 Head,
395; Wood v. Lake, 13 Wis. 84.

In construing the usury statute, and in determining its effect we cannot lose sight of the fact that it was made in the interest of the borrower. While both parties participate in an illegal contract, our statute regards only the lender as guilty of a wrong, and provides a punishment against him only. Under such statutes, it has been held with great uniformity, that the statute providing for the recovery of a forfeiture or penalty is not the full and exclusive measure of the rights of the borrower as to the excess which he has paid over the legal interest. He may recover this in an ordinary action, independently of the statute, as for money had and received, or he may have it applied towards the payment of his debt. Wood v. Lake, *supra*; Lockwood v. Mitchell, 7 Ohio St. 388; Parmelee v. Lawrence, *supra*; Wells v. Robinson, 53 Vt. 202; Farwell v. Meyer, 35 Ill. 40; Campbell v. Sloan, 62 Pa. St. 481; Musselman v. McElhenney, 23 Ind. 4; Trust Co. v. Keech, 69 N. Y. 248. So far as the language of the court in Wood v. Cuthbertson, 3 Dak. 328, 21 N. W. 3, indicates that, as to such excess or usury proper, the statutory action is exclusive, we think the weight of authority, as well as sound reasoning, is clearly against it. See Tyler, Usury, 421, where this question is treated at length.

The cases generally proceed upon the doctrine that equity never favors forfeitures, and will not, unless compelled by statute, lend its aid to enforce one but will, as a condition of relief, hold the party to the performance of that which is just and equitable. The payment of the principal sum loaned and lawful interest is always regarded as just and equitable, but to require the payment of more than this is not just and equitable. The borrower may pay more voluntarily if he choose, but, under statutes like ours, he reserves the right to recover such excess, or to have it applied to the reduction of his debt, at any time before such right is cut off by a plea of the statute of limitations applicable to actions for money had and received. There are cases holding that the right to have the excess interest paid applied to the debt continues as long as the debt remains unpaid, but upon this last proposition we express no

opinion. In this case a different statute was specifically pleaded, and the case was tried both in the court below and here with reference to the applicability and effect of the limitations so pleaded; and we do not think that this court ought to volunteer to apply a different statute not pleaded or suggested, for the purpose of cutting off a claim so manifestly equitable and just. The right to have the excess over lawful interest or what constitutes usury, as defined by modern cases, repaid or applied on the debt, did not spring from the statute declaring a forfeiture. It was money in the hands of the lender, to which he had no title; and, upon its receipt by him, there sprung at once an implied promise on his part to account for it to the borrower. Wheelock v. Lee, 64 N. Y. 242; Williar v. Association, 45 Md. 546; Ewing v. Griswold, 43 Vt. 400; Hade v. McVay, 31 Ohio St. 239, and cases there collected. The subsequent repeal, as to Lawrence county, of the law declaring a forfeiture, did not affect the right so resting, not on the statute, but on the implied promise. If it undertook to do so, it would be inoperative, as impairing the obligation of the implied contract. Williar v. Association, *supra*; Cooley, Const. Lim. 352, and note. We think, therefore, that of the interest paid prior to February 12, 1881, only the excess over 12 per cent. should have been deducted from the indebtedness, and that, in allowing the entire interest paid as a forfeiture to be set off against the principal, the trial court was in error.

With regard to the effect of the law of 1889, our views are these: By said section 1100 the usurious contract forfeited all the interest, legal and illegal, but provided for the recovery by action of the excess over the legal interest only. The contract was stamped as illegal, and all the interest contracted for or received was declared to be forfeited. That statute did not provide how the forfeiture, to the extent that it was declared, should be enforced. It gave no action for its recovery, but simply left it characterized as forfeited; but by chapter 70, Laws 1889, approved March 5th of that year, that section was amended so as to read as follows: "Any person or corporation contracting to receive a

greater rate of interest or discount than twelve per cent, upon any contract verbal or written, shall forfeit the whole of said interest so contracted to be received; and shall be entitled only to recover the principal sum due, and if any part of such interest shall have been paid, it may be recovered in an action for that purpose, or set off in an action to recover such principal." This act provides a means for the enforcement of the forfeiture declared in the earlier law, to wit, "all the interest so taken." It remained "forfeited" all. the time, but no statutory action was given until this amendment of 1889, by which the forfeiture of all such interest actually paid was made available to the borrower. The forfeiture existed in fact as much before as after the amendment. The amendment declared two ways in which the borrower could avail himself of the forfeiture: He could recover it in an action brought for that purpose, or he could have it "set off" in an action brought by the lender to recover the principal. Did the legislature intend by this amendment to authorize an action upon a past transaction which was not actionable before, regardless of the bar which it had set up by its statute of limitations? It had already said generally that an action for the recovery of a forfeiture, or penalty must be brought within three years. It had 20 years before declared a forfeiture, but provided no action for its enforcement or recovery. Did it now intend to make compensation for this long default by authorizing a new action, which should reach back into the past beyond this statutory limitation, and gather up and make available, as causes of action, penalties and forfeitures which were not available, as causes of action before? It is not disputed that it might have done so, but the rule is general that statutes only have retroactive effect where and to the extent that such legislative intent is very plain. Cutting v. Taylor, 3 S. D. 11, 51 N. W. 949. It seems to us that a fair and justifiable inference of what the legislature intended must be gathered from the entire situation, and would be that the remedy by action or set-off would be available as to any forfeiture or penalty not stale under the rule of the statute. Such construction does no violence either

to the policy of the law or the rights of the parties, but would seem to be in harmony with, and well designed to carry out, both. We are of the opinion that the right to recover or set off payments of legal interest as forfeitures against the principal debt did not apply to payments of the same made more than three years prior to the commencement of this action.

We think this disposes of all the questions necessary to a determination of this action, and an application of the views herein expressed will lead to the judgment which, in our opinion, should have been rendered upon the record presented. For that purpose, the judgment is reversed, and the case remanded, for further proceedings in accordance with this opinion.