## NIBLACK v. CHAMPENY.

1. The indorsement, "Int. paid, and extended 60 days,—consent of both parties," placed on a note by the maker, pursuant to an agreement by the payee to extend the time of payment, is a written extension, and presumptive evidence of a consideration therefor.

2. An agreement made by the payee of a note with the maker, on the day it matures, but without the knowledge or consent of the surety, to extend time of payment in consideration of usurious interest for the period of extension, which is paid in advance, is valid, and discharges the surety.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action upon a promissory note. Defendant had judgment and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

In this state the payment of usurious interest is not sufficient consideration for the extension of a promissory note, so as to discharge the surety, the payment for such purpose being absolutely void. 2 Rand. Com. Paper, 967; Laws 1889, Chap. 70 Vilas v. Jones, 1 N. Y. 274; Shaw v. Binkard, 10 Ind. 277; Bank v. Harrison, 57 Mo. 503; Wily v. Hight, 39 Mo. 130; Farwell v. Mayer, 35 Ill. 41; Bank v. Place, 15 Hun. 564; Denick v. Hubbard, 27 Id. 347; Nightengale v. Maginnis, 5 Vroom (N. J.) 461; Bank v. Linenberger, 83 N. C. 454; Wilson v. Selbie, 7 S. D. 494, 64 N. W. 537.

*H. C. Preston,* for respondent.

There was sufficient consideration for the extension. Wilson v. Selbie, 7 S. D. 494, 64 N. W. 537; Hamilton v. Prouty, 7 N. W. 292.

HANEY, J. This action is upon a promissory note. Its execution is admitted, but defendant alleges that when he signed the same it was understood and agreed between him and the payee thereof that he should sign it as surety only; that the payee then accepted defendant as surety only; and that, after the maturity of the note, for a valuable consideration, the time of payment was extended for a period of 60 days from May 24, 1893, without notice to, or the knowledge or consent of defendant. At the conclusion of the trial each party moved for a direction of the verdict. Defendant's motion was sustained, and plaintiff appealed.

Plaintiff's only contention is that there was no consideration for the extension. When the maker and payee agreed upon the extension, the former made the following indorsement on the back of the note: "5—24. Int. paid, and extended 60 days —consent of both parties." This was a written extension, and presumptive evidence of a consideration. Corbett v. Clough, (S. D.) 65 N. W. 1074. But defendant did not rely upon such

presumption, and proved that the consideration consisted in the payment by the maker to the payee of $35 when the extension was agreed upon, and on the day the note became due, and plaintiff insists that such sum exceeded by $5 the legal rate of interest upon the note for the time it was extended. The authorities are conflicting, but we think the better rule is that, where the usurious interest has been paid, as in this case, it constitutes a sufficient consideration for the extension. The defense of usury is personal to the borrower and those in privity with him. Usury laws are intended to protect the borrower and we can discover no valid reason for holding that the payee of this note could accept and retain more than the lawful rate of interest under an express agreement to extend the note for 60 days, and before the expiration of that period repudiate his contract by attempting to enforce its collection. If he could not do so, the surety was discharged, because the contract was made without his knowledge or consent. In support of these views the following cases are cited: Wilson v. Selbie, (S. D.) 64 N. W. 537; Hamilton v. Prouty, 50 Wis. 592, 7 N. W. 659; Wittmer v. Ellison, 72 Ill. 301; Lemmon v. Whitman, 75 Ind. 318; Billington v. Wagoner, 33 N. Y. 31. The judgment of the court below is affirmed.