[Civ. No. 98.   First Appellate District.—December 1, 1905.]

# LOUIS BRENNEKE and LENA BRENNEKE, Respondents, v. A. H. SMALLMAN, Appellant.

Chattel Mortgage—Foreclosure—Finding as to Execution—Sufficiency.—In an action to foreclose a chattel mortgage to secure a note of the defendant, where the findings as to the execution of the note and mortgage follow the allegations of the complaint, a finding in accordance therewith that to secure the note the defendant executed "a mortgage of the personal property described in paragraph 3 of the complaint," followed by a finding of its record, referring to volume and page of the record, sufficiently shows the execution of the mortgage described in the complaint, though not in terms referring thereto, and an objection to its sufficiency is hypercritical.

Id.—Construction of Findings.—Findings are to be liberally construed in support of the judgment; and any uncertainty in the findings is to be construed so as to support the judgment rather than to defeat it.

Id.—Description of Property Mortgaged.—Where the complaint as amended, the findings, and the decree of foreclosure give merely the description of various articles of household furniture, as set forth in the chattel mortgage, without other description or location of the property, the mortgagor cannot be heard to complain of an indefinite description of the property mortgaged, in the action ·to foreclose it as written, whatever might be the effect of a sale under the description.

Id.—Maturity of Note—Payment of Interest in Advance—Unexecuted Oral Agreement—Foreclosure not Premature.—Where the note provided by its terms for the payment of interest in advance, the acceptance of interest in advance after the maturity of the note cannot operate as an executed oral agreement extending the time of payment of the note under section 1698 of the Civil Code, until the expiration of the period for which the interest was paid, and a foreclosure of the mortgage before the expiration of such period is not premature.

Id.—Modification of Time of Payment—Vague and Uncertain Words—Parol Evidence Inadmissible.—Words indorsed on the note by the plaintiff's wife as nominal payee on January 5, 1901, the date of its maturity, "Renewed July 6," and signed by her, are too vague and uncertain to constitute a modification of the time of payment of the note as originally executed; and parol evidence to show that she verbally agreed with the maker that the time of payment should be extended to July 6, 1902, was properly excluded as inadmissible.

ID.—HUSBAND AND WIFE—JOINT COMPLAINT—LOAN FROM JOINT EARN-
INGS—NOTE TO WIFE FOR HUSBAND—HUSBAND'S OWNERSHIP—ES-
TOPPEL OF WIFE.—Where the complaint was joined in by husband
and wife as coplaintiffs, and alleged a loan from the husband to
the defendant from their joint earnings, and that the note and mort-
gage were executed to the husband through the wife, and that the
husband was the owner and holder thereof, there was no need of
litigation by the husband against the wife before enforcing his
rights against the defendant, and the wife is estopped from claim-
ing anything in her own right against the defendant.

ID.—POWER OF HUSBAND TO RECOVER COMMUNITY PROPERTY—NOTE AND
MORTGAGE TO WIFE.—The fact that the note and mortgage were
made payable to the wife did not divest her husband of his owner-
ship thereof as community property, in the absence of evidence
that he intended to make her a gift of the same. The husband has
the right to sue therefor and recover it as community property, as
a necessary incident to his right to the control and disposition of
such property.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Maguire & Gallagher, and James G. Maguire, for Appellant.

Frank Schilling, R. Percy Wright, and J. J. Roche, for Re-
spondents.

HALL, J.—This is an action to foreclose a chattel mortgage,
and the appeal by defendant A. H. Smallman is from a judg-
ment of foreclosure in favor of Louis Brenneke, and an order
denying appellant's motion for a new trial.

The complaint alleges that the plaintiffs, Louis Brenneke
and Lena Brenneke, are, and have been at all times in the
complaint mentioned, husband and wife. It is alleged that
defendant A. H. Smallman, on January 5, 1900, borrowed
from plaintiff Louis Brenneke $1,000, and made and delivered
to him, through plaintiff Lena Brenneke, a promissory note,
which is set out in full. The note bears date January 5, 1900,
and is in terms payable to Lena Brenneke January 5, 1901.
It is alleged that the $1,000 loaned is a part of the joint earn-
ings of plaintiffs, and that, though Lena Brenneke appears as
the payee in said note, and mortgagee in the mortgage which

is alleged to have been given to secure the note, Louis Brenneke is, and at all times has been, the owner and holder of said note and mortgage.

It is urged that the findings do not support the judgment in this, that "the findings do not show that the defendant A. H. Smallman ever executed the chattel mortgage described in plaintiff's complaint." The finding in question follows a finding as to the execution of the note, and is as follows: "At the same time, as part of the same transaction, and for the purpose of securing the payment of said promissory note and the interest to accrue thereon, and also, in case of foreclosure of mortgage, in order to secure the payment of the costs and charges thereof, together with a counsel fee at the rate of five per cent on the total principal and interest unpaid, the defendant A. H. Smallman executed to the plaintiff Louis Brenneke, through said Lena Brenneke, a mortgage of the personal property described in paragraph 3 of the complaint herein." The wording of this finding is in exact accord with the allegations of the complaint. The next succeeding finding, which is also in exact accord with the next succeeding allegation of the complaint, finds that said mortgage was recorded in the office of the county recorder of said city and county, in volume 85 of Mortgages of Personal Property, at page 271 thereof. While the finding attacked does not in so many words refer to the mortgage described in the complaint, it is perfectly apparent that it is the same mortgage referred to in the complaint. The objections to its sufficiency we regard as hypercritical. Findings are to be liberally construed in support of the judgment (*Ames* v. *San Diego,* 101 Cal. 390, [35 Pac. 1005]), and any uncertainty in the findings is to be construed so as to support the judgment rather than to defeat it (*Warren* v. *Hopkins,* 110 Cal. 506, [42 Pac. 986]).

It is further objected that the property mortgaged is not sufficiently described in the findings. The findings refer to the property described in paragraph 3 of the complaint. As originally drawn, this paragraph, besides naming the articles as "one Royal Wilton carpet," etc., also described them as being in the house designated as No. 109 Devisadero street, at the city and county of San Francisco, state of California. The mortgage, however, on being introduced in evidence, simply gave an enumeration of the articles, but did not locate

them or otherwise describe them. At the close of the case the complaint was amended to conform to the proof by striking out certain lines of paragraph 3, and inserting matter which if we correctly understand the record, leaves the description of the property simply as set forth in the mortgage; that is, it is enumerated and not otherwise described. The result of this is that, reading the decree, the findings, and complaint as amended, we have simply an enumeration of various articles of household furniture as set forth in the mortgage, but not otherwise described. If this were an action in claim and delivery, it might well be said that the description was too vague, but it is an action to foreclose a chattel mortgage. "In an action to foreclose a mortgage as it is written, a mortgagor cannot be heard to complain of an indefinite description of the property mortgaged, whatever might be the effect of a sale under the description." (*Graham* v. *Steward,* 68 Cal. 374, [9 Pac. 555]; *Whitney* v. *Buckman,* 13 Cal. 536; *Tryon* v. *Sutton,* 13 Cal. 490.)

It is urged that the findings show that the action was commenced prematurely, because it appears that the action was brought May 10, 1901, although interest had been paid in advance to and including June 4, 1901. Plaintiff's theory seems to be that by accepting interest in advance plaintiff extended the time of payment accordingly. The promissory note is, of course, a written contract, and in this instance it was past due on its face. "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, but not otherwise." (Civ. Code, sec. 1698.) The payment of interest in advance was in strict compliance with the terms of the promissory note, and, if the receipt thereof could be held to imply an agreement to forbear for the time for which the interest was paid, such contract would not be fully executed until the expiration of the time for which interest was paid, and could not be effectual to vary the terms of the note or to extend the time of payment thereof. (*Henehan* v. *Hart,* 127 Cal. 656, [60 Pac. 426]; Civ. Code. sec. 1698.) The finding that the money loaned was part of the joint earnings of Louis Brenneke and Lena Brenneke is amply supported by the evidence in the record, as is also the finding that defendant A. H. Smallman borrowed the sum of $1,000 from plaintiff Louis Brenneke. Louis Brenneke testified that he told his wife to go

to the bank and get the money and give it to Smallman. The fact that the note and mortgage were made payable to Mrs. Brenneke did not divest her husband of his ownership thereof, in the absence of evidence that he intended to make her a gift of the same. The husband has a right to sue for and recover community property. This right is necessarily incident to his right to the control and disposition of such property. (*Fennell* v. *Drinkhouse,* 131 Cal. 451, [82 Am. St. Rep. 361, 63 Pac. 734]; *Rowe* v. *Hibernia Bank,* 134 Cal. 403, [66 Pac. 569]; *Meyer* v. *Kinzer,* 12 Cal. 248, [73 Am. Dec. 538].) We see no force in the suggestion that the husband should, by a judicial proceeding, litigate the question of ownership of the note and mortgage with his wife before enforcing his rights against the defendant. If the mortgagor had any doubt as to whom he should pay the money to, he could have required the Brennekes to interplead; but as Mrs. Brenneke joined in this action, praying for a judgment in favor of her husband, she would doubtless be forever estopped from claiming anything in her own right against the defendant.

It is urged that the evidence shows that on the fifth day of January, 1901, Lena Brenneke agreed to extend the time of the maturity of the note to July 6, 1901, and that certain findings to the contrary are not supported by the evidence. This contention is predicated upon the fact that interest was paid and received monthly in advance, and that on the fifth day of January, 1901, Lena Brenneke indorsed on the back of the note these words: "Renewed July 6. Lena Brenneke." We have already seen that in this state a payment of interest in advance does not amount to a contract to extend the time for payment of a written contract (*Henehan* v. *Hart, supra;* Civ. Code, sec. 1698), which leaves for consideration the written words above set forth. The word "renewed" may properly be used to express an agreement on the part of the maker of a note, but is quite out of place as expressing an agreement on the part of the payee extending the time of payment. "July 6" does not indicate with any certainty the period to which the note was "renewed," or to which payment was extended, if we should construe "renewed" as meaning "extended." We may conjecture that it was intended by the words written to extend the time for payment of the note to July 6, 1901, but it

would be but a conjecture, which is not sufficient upon which to base judicial action. The original agreement was to pay at a certain time. The burden of proving any modification which would afford a defense to the action on the original contract was upon the defendant. The words relied upon are too vague and uncertain in their meaning to amount to a modification of the promissory note as originally executed. The case of *Corbett* v. *Clough,* 8 S. Dak. 176, [65 N. W. 1074], cited by appellant, is a striking example of the kind of language that should have been used in this case to effectuate the object claimed to have been intended by appellant. The words were "Extended to December 1st, 1891," written by the payee. The language was apt, and the time certain. Of the same nature is *Niblack* v. *Champeny,* 10 S. Dak. 165, [72 N. W. 402]. In *Lime Rock Bank* v. *Mallett,* 34 Me. 547, [56 Am. Dec. 673], there was no uncertainty as to the time, and there was no controversy as to the action of the court as to the meaning of the words giving the extension, but the controversy was as to whether or not the defendant was a surety only, and had consented to the extension. We do not think that the words "Renewed July 6" can be construed as expressing an agreement to extend the time of payment of a note upon which they are written to July 6, 1901. Defendant asked a witness the question: "What was that conversation?" to which plaintiff objected, whereupon counsel for defendant stated that he offered to prove that "Lena Brenneke verbally agreed with the defendant A. H. Smallman that the time of payment of said note should be extended to the sixth day of July, 1901," and thereupon the court sustained the objection. This was not error. A written contract may not be altered, except by a contract in writing, or by an ~~extended~~ oral agreement. (Civ. Code, sec. 1698; *Henehan* v. *Hart, supra.*)

The judgment and order are affirmed.

Harrison, P. J., and Cooper, J., concurred.