[Civ. No. 1720. Third Appellate District.—November 5, 1917.]

## THEODORE H. MINOR, etc., Respondent, v. SAMUEL CARPENTER et al., Appellants.

FORECLOSURE OF MORTGAGE — AFFIRMATIVE DEFENSES — BURDEN OF PROOF.—In an action for the foreclosure of a mortgage, the burden is upon the defendant to establish the affirmative matters set up in his answer.

ID.—FINDINGS SUPPORTED BY EVIDENCE.—In this action for the foreclosure of a mortgage, it is held the findings against the defenses of payment, extension of time of payment, and novation are supported by the evidence.

ID.—EXTENSION OF TIME OF PAYMENT—EVIDENCE—CERTAINTY.—Where a party depends upon an extension of time to meet his obligation, he must show an agreement for a time certain.

ID.—WRITTEN INSTRUMENTS—PAROL EVIDENCE INADMISSIBLE.—Where in an action for the foreclosure of a mortgage, certain written instruments are set up by way of defense, parol evidence is not admissible to vary their terms.

APPEAL from a judgment of the Superior Court of Siskiyou County, and from an order denying a new trial. James F. Lodge, Judge.

The facts are stated in the opinion of the court.

L. F. Coburn, for Appellants.

Frank M. McGowan, Clifford E. Butler, and Blaine Mc-Gowan, for Respondent.

BURNETT, J.—The action was for the amount due on a promissory note and to foreclose a mortgage given to secure the payment of the same.

The complaint is in the usual form, and the genuineness and the execution of the note and mortgage were not denied.

The defenses were (1) that the note was fully paid on December 21, 1909; (2) that by virtue of certain instruments in writing set out in the answer "the time for the payment of the debt represented by said promissory note and mortgage sued upon herein was extended and postponed to the time of the expiration of the said bond for a deed, exhibit 'C,' to wit, to the twentieth day of August, 1916"; (3) that exhibit "A" was taken and accepted by plaintiff as a substitution for the said promissory note and mortgage with the intention to extinguish the same, and that "there was a novation of said contract, exhibit 'A,' for said promissory note and mortgage, and that said promissory note and mortgage was thereby annulled, extinguished, and fully paid"; (4) that the execution and delivery of a certain deed was intended "as a full and complete payment of all and every debt of all and every kind, due from said Carpenter to said plaintiff, including the promissory note and mortgage debt involved in this action, that plaintiff accepted said deed as such full payment, and then and there agreed with said Samuel Carpenter to reconvey to said Carpenter the said property described in said deed on the payment by Carpenter to him of the sum of twenty-six thousand four hundred dollars."

The findings and judgment were in favor of plaintiff and the appeal is from the judgment and the order denying the motion for a new trial. Defendant Pentuff, who had taken a bond for a deed of the premises, has filed a stipulation herein that the appeal as to him may be dismissed, so that in considering the cause upon its merits only the interest of the plaintiff and the defendant Carpenter will receive attention. It is not disputed that the burden was upon the defendants to establish the affirmative matters set up in their answers.

(*Brenneke* v. *Smallman,* 2 Cal. App: 306, [83 Pac. 302];
*Melone* v. *Ruffino,* 129 Cal. 514, [79 Am. St. Rep. 127, 62
Pac. 93].) On the contrary, that the debt was not paid and
the note discharged as an existing obligation either by the pay-
ment of money or by virtue of the execution of any instrument
in writing or agreement of the parties is fully shown by the
evidence. It also appears, at least sufficiently to support the
finding of the court, ·that the time for the payment of the
obligation was not extended. To show abundant support for
the conclusion of the trial court respondent calls attention
to various portions of the transcript wherein are revealed im-
portant facts that justify the inference that the original
obligation remained in full force and effect. A brief *résumé*
of these facts may not be amiss: Plaintiff testified positively
that no part of the note had been paid; in defendant Car-
penter's original proposition, the words "cancel my note and
mortgage" were included, but they were omitted from said
exhibit "A" with Carpenter's knowledge and consent; in
said exhibit "A" signed by him on December 20, 1909, occur
these words, "the mortgage and interest and notes heretofore
given T. H. Minor amounting at this date to about fifteen
thousand dollars will be paid, and T. H. Minor to have
*besides* the payment of the mortgage notes and interest,
eleven thousand four hundred dollars, out of the first pay-
ment made on sale, bond or lease"; the words, "and addi-
tional accrued interest on existing mortgage" were inserted
in supplemental agreement of December 21, 1909, with full
knowledge of the matter; the power of attorney prepared by
defendant Carpenter and dated September 1, 1911, contains
this significant phrase, "Cash and additional accrued interest
at eight per cent per annum upon the existing $12,462.15
mortgage upon said eight hundred acres of land from Decem-
ber 20, 1909, to the date of sale or bonding"; Carpenter ad-
mitted that he included $12,462.15 at eight per cent interest
in his statement in the amount specified in the bond, the sum
for which this mortgage herein was given; in the deed to
plaintiff dated November 14, 1910, defendant incorporated
this provision, "subject, however, to $12,462.15 at eight per
cent per annum, mortgage dated December 13, 1907, and
executed by Samuel Carpenter in favor of T. H. Minor,"
and he had in his possession this deed containing this excep-
tion from November 14, 1910, until September 1, 1911; at no

time did defendant ask to have the mortgage canceled. Other significant circumstances are pointed out, but the foregoing are sufficient to show how substantial is the support for the finding of the court that the note was not paid nor the time extended.

Indeed, the language of the instruments themselves, upon which Carpenter relies as operating to discharge the indebtedness or to extend the time for its payment, affords no ground for his contention. There is nothing of the kind provided therein. No expression is used from which the inference would follow that the parties thereby intended or contemplated that a novation should take place or that the obligation arising from the note was extinguished, extended, or modified in any respect. The terms of said instruments, to the contrary, expressly recognize the validity of said note as an existing obligation. In addition, as to the extension of time it may be said that no definite time is stated or intimated to which the payment is to be deferred, and, of course, it will not be disputed that where a party depends upon an extension of time to meet his obligation, he must show an agreement for a time certain. (*Prather* v. *Young,* 67 Ind. 480; *Brenneke* v. *Smallman,* 2 Cal. App. 306, [83 Pac. 302].)

It is apparent that only by virtue of parol evidence could it be held that the instruments referred to should be deemed as constituting a novation or modification of the terms of said note. Appellant, indeed, claims that parol evidence was admissible to show such intention of the parties, and he insists that the court erred in sustaining the objection to certain questions having that object in view. The inquiry assumed various forms, but the following will illustrate the situation: "What was your agreement with Col. Minor with reference to the mortgage and notes here in controversy as connected with or modified by the exhibit 'A' contract which is now in evidence?" "What was your understanding at that time, what was your belief rather, as to the understanding Col. Minor had as to whether that mortgage and note would be in existence, or this would take its place?" "You may state whether or not at the time of the execution of exhibit 'A' from Mr. Minor's conversation with you at the time you believed, and now believe, that he understood at that time that by the execution of exhibit 'A' the debt represented by the

note and the mortgage in this case was to be extended until you bonded, sold, or leased the Gold Mountain mine and received the money therefor?'' In considering the ruling of the court upon these and other similar questions, we can hardly lay out of view the utterly inconsistent attitude assumed by appellant. Necessarily these instruments could not constitute at once a novation, an extinguishment of the obligation on the note, and an extension of the time for its payment. It is difficult to understand how such could have been the intention of the parties, or of either of them. And it seems rather strange that an attempt was made to show these contradictory purposes. If it could be said that the parties had in view such condition when they executed said instruments, then it would follow that the instruments themselves by reason of this uncertainty and inconsistency could not be effectual for any purpose.

Moreover, it is clear from what has already been said that it was not a proper case for the consideration of such parol evidence. The written instruments disclosed the contrary of such intention, and the claim of appellant brings him within the inhibition of the rule as to varying the terms of a written instrument. The question is more fully discussed in *Piper v. Kellerman,* 32 Cal. App. 128, [162 Pac. 423], to which we refer for additional consideration of the matter. Again, it is manifest that some of said questions were objectionable as calling for the opinion of the witness as to the understanding of the parties, and, moreover, he did testify quite fully on the cross-examination as to what was the intention and consideration in and for the execution of said instruments. He even went so far as to give his impression of the effect of said transactions, and to state that he would not have executed the instrument of December 20th and 21st if it had not provided for the payment of the mortgage out of the sale or bonding or leasing of the property.

Of course, it is possible that it was intended that said written instruments should operate as claimed by appellant, but if so, the pleadings should have been framed so as to call for a suitable reformation of said instruments. Or if appellant believed that he was defrauded, he should have tendered the issue by appropriate averment. As the matter is presented

to us, there is no ground for interfering with the conclusion of the trial court.

The appeal as to Pentuff is dismissed. The judgment and order as to Carpenter are affirmed.

Chipman, P. J., and Hart, J., concurred.