## LIME ROCK BANK *versus* MALLETT.

When the holder of a promissory note, knowing that one of the makers is but a surety for the other, contracts with the principal, without the knowledge of the surety, and for a valuable consideration, to enlarge the time of payment, the surety's liability to the holder is discharged.

If such holder have, without the consent of the surety and for a valuable consideration, contracted with the principal to enlarge the time of payment, the surety's defence will not be defeated by proof, of an *earlier* contract of the same kind, made *with the consent of the surety.*

Upon such a note, the holder had made several successive indorsements of the words, "Received, Renewed."  To each of these indorsements a date was prefixed, each date being of a day subsequent to the pay-day of the note; — *Held*, that each of the indorsements was equivalent, to the words, — " Received the interest for a renewal, and that the word "Renewed" might be properly regarded as an agreement to consider the note to be the same, as if made in the same terms, anew from that date.

The receiving of interest in advance is a valuable consideration to support a contract for enlarging the time of payment.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT upon a note, dated Jan'y 28, 1845, given to the plaintiffs and signed by H. McIntosh, J. Spofford and the defendant, to the plaintiffs, payable at 60 days.

The note was read to the jury.  It had upon it indorsements as follows : —

| | | | Received, | Renewed. |
|---|---|---|---|---|
| | " May | 28, | Received, | Renewed. |
| | Sept. | 28, | " | " |
| | Nov. | 28, | " | " |
| 1846, | Jan'y | 28, | " | " |
| | March | 28, | " | " |
| | May | 28, | " | " |
| | July | 28, | " | " |

"1847, Sept. received ten dollars and thirty-seven cents, interest till Aug. 28 last, by J. L. Mallett."

The defence was, *that* though it did not appear upon the note, yet the defendant was but a surety to McIntosh; *that* that fact was known to the plaintiffs; and *that*, without his knowledge or consent, the plaintiffs, on an agreement with McIntosh, for a valuable consideration, extended the pay-day and renewed the note many times.

Mr. Hewett, a witness for the plaintiffs, testified that, while he was a director of the bank, the defendant applied to him for a still further delay upon the note, saying *that* "it had already stood too long, *that* it should be taken care of; and *that* arrangements had been or would be made for its payment."

Other testimony was introduced on both sides.

The jury were instructed, *that* if McIntosh was principal in the note, and the defendant a surety for him, and if these facts were known to the plaintiffs, and if the bank made an agreement with McIntosh for a valuable consideration to renew the note or extend the time of payment, without the request or consent of the defendant, he would be entitled to their verdict; *that* if satisfied, that the *first* renewal, or extension of time for payment, was made at the request or with the consent of the defendant, the *plaintiffs* would be entitled to their verdict; — *that* if satisfied that the defendant stated to Hewett, that he knew the note had stood too long, they would consider whether he had not known it from the time of the first renewal or extension and assented to it; — *that* the words of the indorsement "Received, Renewed," might fairly be considered as meaning received the interest for a renewal; and "Renewed" might be properly regarded as an agreement to consider the note to be the same, as if made in the same terms anew from that date.

The jury found a verdict for the plaintiffs, and the defendant excepted to the instructions.

*M. H. Smith* and *Gould*, for the defendant.

*Lowell* and *Foster*, for the plaintiffs.

Lime Rock Bank *v.* Mallett.

RICE, J. — This is an action on a joint and several promissory note, dated January 28, 1845, payable to the President, Directors and Company of the Lime Rock Bank or their order, and signed Henry McIntosh, John L. Mallett and John Spofford. The names of all the makers appear as principals on the face of the note.

It is contended by the defendant, that, notwithstanding his name thus appears on the note as a principal, still as matter of fact, he was only surety to McIntosh, and that this fact was well known to the bank at the time the note was made. He further insists that, in consideration of the payment of interest in advance by McIntosh, the note had been, at several different times, renewed, and the time of payment extended by the plaintiffs, without his knowledge or consent, and that in consequence thereof he is discharged from all liability to pay the same.

Though there formerly may have been some doubt whether a party, whose name appeared upon a note without any thing to indicate that he sustained any relation other than that of principal, could, at law, be permitted to prove *aliunde* that he was surety only, the rule is now well established that, whenever it is material, a defendant may show by extrinsic evidence, that he made the note as a surety only, and that it was known to the plaintiff that he was only surety. *Carpenter* v. *King*, 9 Met. 511; *Grafton Bank* v. *Kent*, 4 N. H. 221; *Archer* v. *Douglass*, 5 Denio, 307; *Branch Bank* v. *James*, 9 Alabama, 949; *Mariners' Bank* v. *Abbott*, 28 Maine, 280; *Bank of Steubenville* v. *Hoge*, 6 Hammond, 17.

The law is equally well settled that, when the creditor, by a contract with the principal, extends the time of payment, upon a sufficient consideration, without the consent of the surety, the latter is discharged. *Bank* v. *Abbott*, 28 Maine, 280; *Leavitt* v. *Savage*, 16 Maine, 72; *Hutchinson* v. *Moody*, 18 Maine, 393.

The Judge instructed the jury that the words of the indorsement, "Received, Renewed," might fairly be considered

as meaning, received the interest for a renewal; and "Renewed" might be properly regarded as an agreement to consider the note to be the same as if made in the same terms anew from that date.

This would seem to be the only meaning that could be legitimately assigned to these words, and with that instruction there is no complaint from either party.   The payment of interest in advance, though it has been held by this Court not to be, of itself, sufficient evidence of an agreement to give further credit, is undoubtedly a good consideration for such an agreement.   *Bank* v. *Abbott*, before cited; *Grafton Bank* v. *Woodard*, 5 N. H. 99; *Bailey* v. *Adams*, 10 N. H. 162; *Bank* v. *Ela*, 11 N. H. 335.

If under the instructions given, the jury found that the defendant was only a surety on the note (and there was evidence tending to prove that such was the fact,) the only remaining facts to be determined by them was whether these renewals had been made at the request or with the consent of the defendant.

On this point the Judge instructed the jury, that if satisfied, that the first renewal or extension of time for payment was made at the request or with the consent of the defendant, the plaintiff would be entitled to the verdict.

To this instruction the defendant objects.   The jury having been instructed as to the effect of the several indorsements, that they were to be treated as renewals of the subsisting note, at the times they were severally made, we are unable to perceive any reason why the same rule should not apply to each of the subsequent indorsements, that was applied to the *first*.   Such would undoubtedly be the case.

It is contended, however, that there were subsequent instructions given by the Court, by which those objected to were so qualified and explained that the jury could not have been led into error.   The language relied upon thus to qualify the objectionable instructions, immediately follows, and is in these words, " that if satisfied, that the defendant stated to Hewett, that he knew the note had stood too long, they would con-

Lime Rock Bank *v.* Mallett.

sider whether he had not known it from the time of the first renewal or extension and assented to it."

In the first instance, the Judge lays down a distinct proposition to the jury, the finding of which by them in the affirmative, would entitle the plaintiffs to a verdict, to wit, if the defendant should have requested or consented to the *first* renewal.

Then follow instructions to the jury directing them to consider, whether the testimony of the witness, Hewett, would not justify them in drawing certain inferences of fact, to wit, whether the defendant had not known from the time of the first renewal or extension and assented to it. These last instructions were certainly appropriate, and had the Judge proceeded and instructed the jury, what would have been the *effect* of finding such request or consent on the part of the defendant, the jury would not have been liable to fall into error in consequence of the too great restriction in the instruction, to which objection was taken. This, so far as appears from the report of the case, he omitted to do. The jury might consistently with the instructions have rendered a verdict for the plaintiff, though satisfied that all the renewals subsequent to the first, were made without the request or consent of the defendant. Indeed, they could hardly have come to a different result. Such a conclusion, under such circumstances, would have been in violation of well settled principles of law. We think the jury were too much restricted in the application of the facts that they were authorized to find.

*The exceptions are therefore sustained*
*and a new trial granted.*

TENNEY, HOWARD and APPLETON, J. J., concurred.