THOMAS SPEER, Appellant, v. SILAS B. COBB, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

The payment of a part of a sum of money which is due, does not create an equity in favor of the payor, to entitle him to an indefinite delay, for the payment of the balance.

ON October 9th, 1855, Harrison P. Heacox mortgaged a lot of ground in Chicago, to Silas B. Cobb, for $13,380, payable in installments: One for $3,880, payable in one year; another for $2,640, payable in two years; another for $2,480, payable in three years; another for $2,320, payable in four years; and the last for $2,160, payable in five years from the date of said mortgage respectively. The first note was paid. After the second note became due, Isaac Speer paid $1,500 to the said mortgagee, upon said second installment. After the execution of said mortgage, Isaac Speer became the owner of the property in question, and afterwards assigned the property in question, for the benefit of his creditors, to Thomas Speer, the complainant below and plaintiff in error here. The bill was filed to enjoin the sale of the property in question, for residue of the second installment. An injunction was granted, but upon the hearing the bill was dismissed.

Thomas Speer appealed.

The question presented by this record is, whether or not the payment of $1,500 upon the second installment, is a waiver of the forfeiture and power of sale, vested by the terms of the conditions aforesaid in the appellee.

R. S. BLACKWELL, for Appellant.

S. B. PERRY, for Appellee.

CATON, C. J. The second note, for $2,640, fell due in October, 1857. A few days after its maturity, the complainant paid the defendant $1,500 on that note, and as he avers, Cobb agreed to postpone the balance of that note indefinitely. In the succeeding April, after six months delay on the balance of the note, Cobb published a notice that he would sell the premises in pursuance of a power of sale contained in the mortgage, to satisfy the balance due on that note, and also the amount due on the three other notes secured by the mortgage, which by its terms, were to mature upon the failure to pay any of the notes or the interest thereon, at the respective times when they should mature. And this bill was filed to enjoin this sale, on the pretence of equity, arising on the fact of the payment of $1,500 on the second note, and the indefinite promise of forbearance of the balance due on that note. We confess ourselves unable to see any particular equity arising from either of these causes. There was nothing so extraordinarily meritorious in paying $1,500 on the 13th of October, when it was his duty to have paid $2,640 on the 9th of October. In ordinary dealings among ordinary men, the general conclusion would be that he had come far short of his moral, as well as legal duty, instead of having gone so far beyond his duty as to entitle him to particular consideration in a court of equity. Nay more, at the time he paid the $1,500, it was his duty to have paid not only the whole of the second, but also the three subsequent notes, which, by the terms of the contract, became due and payable on the failure to pay the second note when it matured. Thus far we cannot discover the extraordinary merit on which this equity is supposed to arise. Then is there anything in the promise alleged to have been made by Cobb, at the time he received the $1,500, that he would postpone the balance? This is the language of the bill. It alleges that the complainant "paid to the said Silas B. Cobb, upon said second note above recited, the sum of one thousand five hundred dollars, which said sum of money was then and there accepted and received by said Silas B. Cobb, in part satisfaction of the said last mentioned promissory note, and the said Silas B. Cobb, then and there, in consideration of said payment, and of the promises of the said Thomas Speer, to pay the residue of the said last mentioned note, the said Silas B. Cobb extended indefinitely the time of payment of said residue of said principal and interest." What then was the purport of this promise, waiving the question of consideration, and admitting it to be binding? He promised to extend it without defining the period to which he would extend it. It was equivalent to saying that he would extend it some time, but would reserve the right to himself to determine how long he would extend it. While he agreed to give some indul-

gence, he bound himself to no particular time. He certainly did not mean to say that he would extend the time forever. And if the time of extension was ever to terminate, he reserved the right to fix that time. It is like the case of *Doyle* v. *Teas*, 4 Scam. R. 202, where we held that a promise to pay " a certain sum " was fulfilled by paying a nominal amount. It was equivalent to *some money*. So here. The most that can be made of this promise, was that he promised to give some time on the balance. He did so. He waited six months, and then having received no further payments, he commenced proceedings to foreclose his mortgage, and the delinquent debtor now insists that he has a right to have the proceedings stayed by a court of equity. The court below dissolved the injunction, and we think very properly.

The decree must be affirmed.

*Decree affirmed.*