E. W. LANUM, Appellee, *vs.* CHARLES W. HARRINGTON
*et al.* Appellants.

*Opinion filed February 17, 1915.*

1. EJECTMENT—*when defendants cannot complain of refusal of a peremptory instruction at close of plaintiff's case.* Defendants in ejectment cannot complain, on appeal, of the refusal of an instruction to direct a verdict in their favor at the close of plaintiff's case where the motion for the instruction was not renewed at the close of all the evidence; but the refusal is nevertheless correct where it is admitted that the plaintiff had, and proved, legal title to the land.

2. SAME—*when proof of oral agreement, made before entering into possession, cannot be made.* In an action of ejectment the defendants are not entitled to prove an oral agreement alleged to have been made before they entered into possession, where, after they had entered into possession, a written agreement in the form of a bond for deed, under seal, was entered into between them and the owner of the land, which provided for a conveyance if the parties in possession paid the principal and interest of notes executed at the same time the bond was made.

3. BILLS AND NOTES—*time to which payment of notes and interest is extended must be definite.* While the obligor in a bond for deed may make a valid agreement extending the time of payment of the notes and interest and such agreement will not be held to alter or vary the terms of the bond, yet such extension must be for as definite a time as is required in a promissory note when originally made.

4. SAME—*what statements do not amount to a valid extension.* A valid extension of the time of payment of the principal and interest of notes is not established by proof of statements of the holder that the time would be extended until the makers were able to pay, or until they were able to make the money out of their stock and crops, or until the death of the holder, when the same could be paid out of the share of one of the makers in the holder's estate if he left any estate in which she would, as his daughter, be entitled to share.

5. SAME—*what statements by holder of notes do not prevent forfeiture of bond for deed.* Statements by the holder of the notes described in his bond for deed that he would not crowd the makers of the notes for the principal and interest; that it did not matter whether the same were paid when due, and that if not paid when due the same could be paid later, are not such extensions as

prevent the holder of the bond from forfeiting it for non-payment of principal and interest and bringing suit to recover the land.

6. CONTRACTS—*a bond for a deed cannot be changed by parol agreement.* By accepting a bond for a deed the obligees make its terms and conditions their contract with the obligor, and the parties cannot thereafter so change its terms by parol agreement that the obligor cannot compel the payment of any part of the amount contracted to be paid, but will be bound to make one of the obligees, who was his daughter, a gift of the whole amount upon his death.

7. EVIDENCE—*what not admissible in action of ejectment.* In ejectment, where the defendants attempt to show oral promises to extend the time of payment of the principal and interest of notes but the evidence falls short of establishing valid extensions, proof of the value of the improvements made upon the premises by the defendants in consideration of the making of the promises is properly excluded, as the court cannot adjust equities in an ejectment suit nor permit the defendants to rely upon the doctrine of estoppel *in pais* as a defense.

8. ALTERATIONS—*when alteration of a bond after its execution does not vitiate it as a basis of recovery.* A change made by the obligor in a bond for deed, after its execution, by making the date "March 1" read "March 2" wherever it appears in the instrument, so as to make it correspond with the intention of the parties, does not vitiate the bond as a basis of recovery, where one of the obligees was present when the change was made and the other ratified such action with full knowledge of the change.

APPEAL from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

E. J. MILLER, and E. A. RICHARDSON, for appellants.

FRANK J. THOMPSON, EDWARD C. CRAIG, and DONALD B. CRAIG, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

E. W. Lanum, the appellee, brought suit in ejectment against Charles W. Harrington and Letta Harrington, appellants, in the circuit court of Moultrie county, to recover possession of a tract of farm land consisting of ninety-six acres, situated in that county. The suit was brought to the

September term, 1912, the general issue was filed, and a trial resulted in a judgment against appellants. The costs were paid and a new trial taken within a year under the statute, which also resulted in a judgment against appellants, and this appeal has been perfected from that judgment.

Appellants are husband and wife, and appellant Letta Harrington is the daughter of appellee. Appellants went into possession of the land in question during the latter part of February, 1908, under some verbal agreement with appellee. During the month of May following, appellants executed eight promissory notes, each for the sum of $1080, dated March 1, 1908, and payable, respectively, on March 1, 1910, and on the first day of March each year thereafter until the year 1917, each drawing interest at the rate of six per cent per annum. At the same time appellee executed and delivered to appellants his bond for deed, under seal, to the premises in question, conditioned that if appellants should pay said promissory notes as they should become due, appellee would execute and deliver to appellants a deed to the premises. Shortly after this bond was executed and delivered it was discovered by Charles W. Harrington that the first day of March, 1908, fell upon Sunday, and conceiving the idea that this would render the notes and bond invalid he called the attention of appellee to this fact, and appellee thereupon, in the presence of Harrington, changed the date in each of the notes and wherever the same appeared in the bond, as well as in the certificate of the officer taking the acknowledgment, from March 1 to March 2. The bond was thereafter recorded by appellants.

On March 2, 1908, $30 was paid and credited upon each of said notes as part payment of the interest due; on July 18, 1910, a payment of $57.57 was made and credited upon each of the notes; on May 22, 1911, the sum of $350 was paid and credited upon the note due March 2, 1917, and on June 12, 1911, the sum of $150 was paid and credited

upon the note due March 2, 1913. These were the only payments credited upon the notes. It is claimed by appellants that they are entitled to an additional credit of $407.75 for work done for and produce furnished to appellee. The total amount paid and credited upon the notes prior to March 2, 1912, was therefore $1200.56, and conceding that appellants are entitled to the credit they claim of $407.75, the total amount for which they were entitled to credit up to that time was $1608.31. The annual amount of interest due on the eight notes was $518.40, so that on March 2, 1912, there had accrued a total, in interest, of $2072.60, leaving still due, conceding that appellants are entitled to the credit claimed of $407.75, the sum of $464.20 interest and the principal sum of three notes, amounting to $3240, or a total of $3704.29 then due. On September 10, 1912, appellee gave appellants written notice which recited the amount of the principal sum of the notes and interest past due and unpaid, declared the terms and conditions of the bond to be forfeited and demanded immediate possession of the premises.

Appellants complain of the action of the court in refusing to direct a verdict at the close of plaintiff's case. As this motion was not renewed at the conclusion of all the evidence, the action of the court in refusing to direct a verdict cannot be assigned as error. (*Baltimore and Ohio Southwestern Railway Co.* v. *Alsop,* 176 Ill. 471; *West Chicago Street Railroad Co.* v. *Johnson,* 180 id. 285.) Appellee proved his record title to the premises and counsel for appellants admitted that he had the legal title to the land, so, in any event, there could be no controversy about the correctness of this ruling of the court.

Appellants complain that they were not permitted to prove the alleged oral contract with appellee under which they entered into possession of the premises in February, 1908, and that the court refused to admit in evidence a letter written by appellee to Charles W. Harrington on Feb-

ruary 2, 1908, in which reference was made to some agreement which they had made concerning this land. This action of the court was proper. The written agreement whereby appellee contracted to sell and appellants to purchase the land in question at an agreed price and upon the terms therein specified superseded any oral agreement which they may have theretofore entered into, and any part of the original oral contract which was not incorporated into the written contract must be regarded as intentionally rejected by the parties. *Merchants' Ins. Co.* v. *Morrison,* 62 Ill. 242; *Memory* v. *Niepert,* 131 id. 623; *Graham* v. *Sadlier,* 165 id. 95.

The main defense interposed by appellants on the trial and the chief contention made here is, that the time of payment of the principal and interest of the notes executed by appellants was extended by appellee for a valuable consideration, and that he was not, therefore, entitled to declare a forfeiture of the contract and demand possession of the premises. The appellants claim that they were greatly restricted in the making of proof in this particular and that the court erred in excluding much of the evidence offered by them. An inspection of the record discloses that appellants were permitted to prove fully every conversation claimed to have been had by either of them with appellee in reference to extending the time of payment of the principal or interest of the notes. After a full opportunity to testify to every conversation on this subject and to every promise made by appellee they were unable to show that any valid extension of the time of payment had been made. The conversations testified to by the appellants occurred on various occasions. It appears that they erected on the land a dwelling house, barn, corn-cribs and fences and dug wells. It is the claim of appellants that to secure the making of better and more expensive improvements than they believed they were financially able to make, appellee promised to extend the time of payment of the principal and interest of

the notes. According to the testimony of appellants the substance of the promises and agreements of appellee on this subject were, that he would not crowd them for the payment of either the interest or the principal; that he would give them all the time they wanted; that if they were not able to pay all that was due, either principal or interest, it would be all right—he did not need the money; that they could pay when they were able; that what was not paid at his death could come out of Letta Harrington's share in his estate; that at the time the barn was built he stated, in order to prevail upon them to build a substantial barn, that he would give them all the time they wanted on their payments and if they never got able to pay it would be all right; that he was willing to wait on them until they could make the money out of their stock or crops. The only other witness who testified on this subject was a man who was in the employ of appellants about the time the barn was built, who testified that he heard appellee state to Charles W. Harrington that he did not have to pay the first year's interest when it was due; that he could pay it later on.

It is undoubtedly true that a valid extension of the time of the payment of the notes and interest would be binding upon appellee and would not alter or vary the terms of the bond. The time to which the payment is extended, in order to be valid, must, however, be as definite as is required in a promissory note when originally made. A promissory note may be defined to be a written promise by one person to pay another person therein named, or order, a fixed sum of money at all events and at a time specified therein or at a time which must certainly arrive. (*Dorsey* v. *Wolff,* 142 Ill. 589.) No contract or agreement constitutes a promissory note which does not provide for payment absolutely and unconditionally. If payment depends upon a contingency which may never happen it is not a promissory note. (*Chicago Trust and Savings Bank* v. *Trust Co.* 190

Ill. 404.) Under these authorities the agreement that the time of payment should be extended until appellants were able to pay, or until they were able to make it out of their stock and crops, or until the death of appellee, when the same could be paid out of the share of Letta Harrington in the estate of appellee in case he should leave any estate and she should be entitled to any share therein, does not constitute a valid and binding extension of the time of payment. Nor did the indefinite promise that appellee would not crowd appellants for the principal or interest,—that it did not matter whether the same was paid when due, and if it was not paid when due appellants could pay it later,— constitute such extensions of time as would enable appellants to prevent appellee from declaring a forfeiture of the bond and recovering possession of the land. This, at most, was but a promise to extend the time of payment without defining the period to which it would be extended. This does not constitute a valid extension, and appellee had the right to demand payment at any time after the principal or interest became due. *Speer* v. *Cobb*, 22 Ill. 528.

· If it be said that the assurance by appellee that appellants would not be required to pay if they were not able to do so, and that any amount remaining due at appellee's death would be deducted from Mrs. Harrington's share in his estate, amounted to an advancement or bound appellee to bequeath to Mrs. Harrington at least the amount of this indebtedness, then it constituted a change and modification in the terms of the agreement and contract of the parties as represented by the bond for deed, which was under seal. The law is well settled in this State that a sealed executory contract cannot be altered, changed or modified by parol agreement. (*Hume Bros.* v. *Taylor & Moss*, 63 Ill. 43; *Alschuler* v. *Schiff*, 164 id. 298; *Starin* v. *Kraft*, 174 id. 120.) By accepting the bond for deed appellants made its terms and conditions their contract with appellee, and it was not possible for the parties to so change its terms by

parol agreement that appellee could not compel the payment of any part of the amount contracted to be paid, but, on the other hand, was bound to make one of appellants a gift of the whole amount due upon his death.

Appellants complain that they were not permitted to show the value of the improvements made upon the premises in consideration of the various promises claimed to have been made extending the time of payment on the notes. It was not contended on the part of appellee that there was no consideration for the making of the alleged promises. The court evidently took the correct view that the promises made did not, in any event, constitute valid extensions of the time of payment. As testimony in reference to the value of the improvements made would be admissible only to show a consideration for the alleged promises, the court properly excluded this testimony. This being an ejectment suit, the court could not adjust the equities, if any, between the parties, nor could appellants rely upon the doctrine of estoppel *in pais* as a defense. *City of Amboy* v. *Illinois Central Railroad Co.* 236 Ill. 236.

Appellants contend that the bond was vitiated by the alterations made in it by appellee when he changed the date of March 1, wherever it appeared therein, to March 2. It is true that a material alteration of an executory contract destroys it as a basis of recovery by the person making the alteration without the consent or subsequent ratification of the other party, (*Hayes* v. *Wagner,* 220 Ill. 256,) but such is not the situation here. Without regard to the materiality of the alteration, it was made with the knowledge and consent of appellants for the purpose of making the date correspond with the intent of the parties. The only proof on this subject was that offered by appellants. From this evidence it appears that Charles W. Harrington called the attention of appellee to the fact that March 1, 1908, fell on Sunday, and he requested appellee to give them a new bond. Instead of doing so he changed the date, in Harrington's

presence, to March 2. Mrs. Harrington was not present when this change was made, but she learned of it afterwards and joined with her husband in making payments on the notes with full knowledge of the change in dates, thus ratifying the act of her husband and appellee in making the alterations.

The appellee having made out a *prima facie* case, and it being conceded he had the legal title to the land, and the appellants having interposed no valid defense, the court properly instructed the jury to find the issues for appellee. *Anderson* v. *McCormick,* 129 Ill. 308.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*