THE FARMERS AND TRADERS BANK, Respondent, v. TOM B. LAIRD and IDA L. LAIRD, Appellants.

Kansas City Court of Appeals, April 5, 1915.

1. **BILLS AND NOTES: Collateral Argument: Payee.** The plaintiff brought this action on a note executed by the defendants to a Hardware Company and transferred to plaintiff before maturity for value. The defendants filed an answer setting up a written agreement executed by the Hardware Company, and of which the plaintiff had notice, wherein the company agreed that, if the note, or part of it, were not paid at maturity, they would make a new note for the balance or for all. The trial court sustained a motion for judgment on the pleadings and defendant appealed. *Held*, that the answer pleaded a good defense and court erred in sustaining a motion for judgment on the pleadings.

2. ————: **Contemporaneous Agreements.** A contemporaneous separate agreement not to sue on a note cannot be pleaded and presents no bar to an action, the only remedy of the covenantee being a suit for damages on the covenant or agreement, but an indorsee, with notice, will be bound by such agreement as it is not repugnant to the negotiable character of the note.

3. ————: ————: ————. Where one purchases a note with notice of a contemporaneous agreement, he takes it *cum onere* and his refusal of maker's offer at maturity to comply with the terms of that agreement constitutes a breach of same for a renewal. The makers do not need to tender a new note to the original payee, who has sold and transferred the note and has no further interest in it.

Appeal from Buchanan Circuit Court.—*Hon. Wm. H. Haynes*, Judge.

REVERSED AND REMANDED.

*John S. Boyer* for appellants.

*Vories & Vories* for respondent.

JOHNSON, J.—This suit was begun February 3, 1914, upon a negotiable promissory note, executed and delivered by the defendants Tom B. Laird and Ida L. Laird, who signed as makers, to the Balsiger Hardware Company. The note was for $1323.70, and by its terms matured December 5, 1913. The petition alleges, and the fact is conceded, that it was indorsed and transferred to plaintiff by the payee for value before maturity. The answer, verified by the affidavit of defendant Tom B. Laird, admits the execution and delivery of the note as alleged and pleads the following affirmative defense: "That at the time said note was executed and delivered and as a part of the consideration thereof, and as a part of the same contract and contemporaneous with the execution and delivery of said note, the original payee in said note, to-wit, The Balsiger Hardware Company, by and through its manager and agent, A. N. Balsiger, promised and agreed in writing with the makers of said note to grant an extension of time for the payment thereof and to accept a new note payable in one year after the maturity of the original note according to its terms, a copy of which said writing and agreement so executed by the said Balsiger Hardware Company, in conjunction with the execution and delivery of the said promissory note is as follows:

"St. Joseph, Mo., 12-6-1912.

Thomas B. Laird has this day given a note for thirteen hundred twenty-three and 70-100 dollars ($1323.70). Mr. Laird has the privilege of paying any part of this note at any time, and if he cannot pay

all at the time it is due we will make a new note for balance or all.

(Signed) BALSIGER HDW. CO.,

By A. N. BALSIGER.''

These defendants further say that if the said promissory note, in plaintiff's petition described, was assigned and transferred to the plaintiff herein, that at said time the said plaintiff, its officers and agents were informed of the said agreement for an extention of time for the payment of said note then existing between the original payee and the makers thereof, and that the said The Farmers and Traders Bank, through its officers, agents and cashier had full knowledge that the said Balsiger Hardware Company, at the time of the execution of said note had promised and agreed to an extention of time thereon for a period of one year as in this answer heretofore stated, and that said Bank took said note subject to all the rights then existing on behalf of the defendants in this case.

''And defendants further say that at the time the said note matured, according to its terms, that the defendants herein requested and demanded of the Balsiger Hardware Company, and demanded of the plaintiff herein, that an extension of time for the payment of said note be made, and that a renewal of said note be made in accordance with the agreement of the Balsiger Hardware Company heretofore set out, and that the plaintiff herein did fail and refuse to grant said renewal or extension upon said note; and that at said time these defendants were not ready and able and could not pay any part or all of said note, and for that reason requested the extension agreed to be given to them in the payment of the same.''

Plaintiff filed a motion for judgment on the pleadings which, afterward, was sustained and judgment was rendered for plaintiff for the full amount of its demand. Defendants appealed.

The motion admits the facts pleaded as a defense to the action and our inquiry on appeal will be addressed .to the subject of the sufficiency of these facts to constitute a defense.   The note, by the terms expressed on its face, fell due before this suit was begun and there could be no question of the right of plaintiff to maintain the action unless it should be found that the separate written agreement, entered into by the payee with one of the makers at the time of the execution of the note and as a part of the same transaction, bound plaintiff, the purchaser of the note, with knowledge of the terms of the separate agreement to accept a renewal note from the makers.   Should we find that the provisions of the separate agreement had the effect of varying the terms of payment stated on the face of the note, we must hold the pleadings do not leave plaintiff in the position assumed in the petition of an innocent holder of a negotiable instrument, indorsed and transferred by the payee for value before maturity, but a holder purchasing with knowledge of an infirmity in the note.

The Negotiable Instruments Act, in defining "a holder in due course" requires that at the time "it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it" (Sec. 10022, R. S. 1909) and provides that "in the hands of any holder other than the holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable."   [Sec. 10028, R. S. 1909.]   If the defense under consideration would have been good in an action on the note prosecuted by the original payee, it should be held available to defendants in the present action.

The separate agreement contained a covenant of the payee of the note to which special reference was made to "make a new note for balance or all" in case the covenantee "cannot pay all at the time it is due.". This was not a mere covenant not to sue upon the dis-

honor of the note, but was a contractual undertaking of the payee to grant an extension of time and to accept a renewal note from the makers which would save them from being in default if they failed to pay the note at the time of maturity stated on its face.

As to a contemporaneous separate agreement not to sue, the rule in this State, applied in a number of early cases, was that such covenant "cannot be pleaded to and presents no bar to an action on the claim; the only remedy of the covenantee being a suit for damages on the covenant or agreement." [Hosea v. Rowley, 57 Mo. 357; Bridge v. Tierman, 36 Mo. 439; Atwood v. Lewis, 6 Mo. 392; Bircher v. Payne, 7 Mo. 462; Bond v. Worley, 26 Mo. 253.] This rule recently was repeated by the Springfield Court of Appeals in Bank v. Martin, 171 Mo. App. l. c. 201.

But in the case of Jennings v. Todd, 118 Mo. l. c. 304, the Supreme Court do not recognize it as being applicable to contemporaneous agreements for renewals but hold that "an indorsee with notice will be bound by such agreements. They are not repugnant to the negotiable character of the note." *A fortiori* the payee, likewise, will be bound and the maker, in an action brought upon the note in defiance of the terms of the separate agreement, should not be held to be restricted to the remedy of an independent action on the covenant but may defend on the ground that the covenant was made an integral element of his contractual obligation which the payee, or indorsee with notice, must recognize and respect. The following authorities support this view of the nature of such agreements: 1 Daniels on Negotiable Instruments (5 Ed.), sec. 156, 159; 1 Randolph on Commercial Paper, sec. 197; 4 Am. & Eng. Ency. of Law (2 Ed.), p. 144; Jacobs v. Mitchell, 46 O. St. 605; Railway v. Atkison, 17 Mo. App. 484, 494; Hunter v. Johnson, 119 Mo. App. l. c. 490.]

But it is argued by counsel for plaintiff that the agreement for an extension cannot be construed with its contemporaneous agreement (the note) and the two treated as parts of a single contract, for the reason that the name of Ida L. Laird who signed the note as maker was not mentioned in the separate agreement. We perceive no valid reason for thinking that the payee could not agree with one of the makers to grant him an extension of time on condition that he and his co-maker join in the execution and delivery of a renewal note and make such agreement a component part of the transaction of which the note also was a part, and we think the co-maker, Mrs. Laird, may rely upon that agreement as one made, in part at least, for her benefit.

The argument that the separate agreement shows on its face that it was entered into subsequent to the execution of the note and, therefore, is void for lack of consideration, rests upon the bare fact that the agreement was dated December 6, 1912, while the note was dated December 5th. But the agreement expressly states that it and the note were executed on the same day and the motion for judgment admits the truth of the allegation in the answer that the two instruments were executed contemporaneously and as parts of a single transaction.

Plaintiff is bound by this admission which may be reconciled with the discrepancy in the dates on the theory that it was the result of a mistake or that the delivery of the two instruments was simultaneous, though they were drawn and signed on different days.

We do not sanction the view of plaintiff that the agreement for a renewal is void for uncertainity. Where such agreement does not state the number of renewals it must be construed as an agreement to renew once only (1 Daniel on Negotiable Instruments (6 Ed.), sec. 159) and where it does not specify the time the parties should be understood as contemplating that the terms of the original note would be repeated

in the renewal and that the new period of time allotted for the payment would be of the same duration as that provided in the original note.

In purchasing the note with notice of its twin agreement plaintiff took it *cum onere* and its refusal of defendant's offer at maturity to execute and deliver a renewal note constituted a breach of the agreement for a renewal. Defendants were not required to tender a renewal note to the original payee which had sold and transferred the note and had no further interest in it.

The answer pleads a good defense and the court erred in sustaining the motion for judgment on the pleadings.

The judgment is reversed and the cause remanded. All concur.