ROBERT T. BYERLY, PLAINTIFF, v. L. W. RANDOLPH, DEFENDANT.

Argued April 19, 1926—Decided April 29, 1926.

The words "Renewal until paid," upon a promissory note, implies that the note shall be paid at some period of time, and no definite time being fixed in the instrument, payment is to be made at least after there has been one renewal.

---

On plaintiff's motion to strike out defendant's answer and for leave to enter summary judgment.

Before Mr. Justice KALISCH, sitting at chambers.

For the plaintiff, *Fred W. Nixon.*

For the defendant, *Winfield S. Angleman.*

The opinion of the court was delivered by

KALISCH, J. This matter is before me on an agreed state of the case, as follows:

"1. Suit is brought to recover on the following note:

$250.00.                    PLAINFIELD, N. J., January 1st, 1923.

Three months after date I promise to pay to the order of Robert W. Byerly two hundred and fifty 00/100 dollars, at First National Bank, Plainfield, N. J., with interest.

L. W. RANDOLPH.

For value received.

Renewal until paid."

(Endorsement on back of note.)

"Given to replace previous note due January 1st, 1923."

2. Defense is, offer to renew note and refusal of plaintiff so to do.

Question to be decided is, "Is this a good defense? If so, judgment to be for defendant; if not, judgment to be for plaintiff."

The question to be determined is, "What legal effect is to be given to the words, 'renewal until paid?'" For the defendant it is argued that the renewal may go on indefinitely at his will, and that his only legal obligation is to renew the note at each time when it falls due. This is a palpable absurdity. The very term, "renewal until paid," implies that the note shall be paid at some period of time. No definite time being fixed in the instrument, in legal contemplation, payment is to be made, at least, after there has been one renewal. It appears that there has been one renewal. The renewed note, sued upon, was given to replace the original one which fell due on January 1st, 1923. More than three years have elapsed since the latter note was given. The note fell due on April 1st, 1923.

Although three years have elapsed since then, the record does not disclose that when the renewed note fell due a new note was tendered by the defendant to the plaintiff to take

the place of the matured one. For if the defendant's theory is sound that he was entitled to a renewal, at his option when the renewed note became due and payable, according to its tenor, then he obviously failed to perform his part of the agreement, since he tendered no renewal note. The defendant's offer to renew it, which he sets up as a defense to a recovery by the plaintiff in the present action, is of no avail to the defendant, since he breached the agreement to renew it.

I think the instant case falls within the control of *Oetjen v. Robinson Rodere Co.*, 98 *N. J. L.* 282, in which case it appeared that there was an agreement in the form of a letter concerning the extension of time of payment of trade acceptances, and containing this language: "If for the reason you find it impossible to meet payment on account of insufficient funds, we will agree to extend the dates of payment by renewing trade acceptances." Commenting upon this agreement, the Court of Errors and Appeals, in a *per curiam* opinion, said: "Thereafter all the then outstanding acceptances were, in fact, renewed by the acceptances now in suit. We think this was a performance of the agreement. It is said that the agreement was an agreement to renew repeatedly, and, perhaps, continuously, until the defendants were ready to pay. The answer is the letter does not say so. It says "we will agree to extend the time," and that has been done. If it had not already been done, we should think a mere promise to agree to extend, or even an agreement to extend, would be unenforceable because of indefiniteness and uncertainty."

The same line of thought is to be found in *Ramot v. Schotenfels*, 15 *Iowa* 457, a well-considered case, and where the subject is learnedly and exhaustively discussed. See, also, *Lanum v. Harrington*, 267 *Ill.* 57; 107 *N. E. Rep.* 826. What expression could be conjured up that could, reasonably, be said to be more uncertain and indefinite than the endorsement on the note in question here, "renewal until paid."

My conclusion is that the plaintiff is entitled to judgment, and, therefore, judgment is given for the plaintiff for the amount due on the note, with interest and costs.