[Civ. No. 2101. Fourth Appellate District.—February 3, 1938.]

LUNA KIES STEINER, as Executrix, etc., Appellant, v. BYRON DADE DAVIS, Respondent.

C. Arden Gingery and E. W. Miller for Appellant.

Hert & Withington for Respondent.

BARNARD, P. J.—This is an appeal from a judgment after a demurrer to an amended complaint had been sustained and the plaintiff had refused to amend. The only question involved is whether it appears from the face of the complaint that the cause of action attempted to be set up was barred by the statute of limitations.

The action is one to recover a balance upon a promissory note for $3,000 dated May 6, 1919, payable three years after date to Mrs. B. W. Kies and signed "Byron Dade Davis". A copy of the note is set forth in the complaint and at the bottom thereof appears the following: "Renewed Apr. 21, 1926 B. D. Davis". It is also alleged that on or about April 21, 1926, the defendant for a valuable consideration and in writing renewed said note for a period of three years from and after that date on the same terms and conditions as those contained in the original note, and that the note and obligation as thus renewed became due and payable on April 21, 1929. It is further alleged that Sarah A. Kies was also known as Mrs. B. W. Kies, that she died on June 17, 1929,

that the plaintiff qualified as the executrix of her will on September 16, 1929, that by the terms of her will the defendant was bequeathed $2,000 to be applied upon the principal of said note, that the remaining $1,000 is owing and unpaid, and that interest on the note was paid by the defendant up to May 6, 1929. The original complaint was filed on September 10, 1930, and the plaintiff has appealed from a judgment in favor of the defendant.

The appellant contends that the effect of the words "Renewed Apr. 21, 1926" placed upon the bottom of the note by the respondent was to renew the note for the same period of time and on the same terms as provided in the original note, that is, to renew it for a period of three years from and after that date and make the same payable on April 21, 1929, in which event the statute of limitations would not run until April 21, 1933. The respondent contends, on the other hand, that this was neither a renewal nor an extension and that, at best, this notation on the note had the effect of an acknowledgment of the debt at that time with the result that the statute had fully run on April 21, 1930, some months before this suit was filed.

There appear to be no cases in this state which bear directly upon the question before us. In *Brenneke* v. *Smallman*, 2 Cal. App. 306 [83 Pac. 302], where the word "renewed" was used by the holder of a note, the court remarked: "The word 'renewed' may properly be used to express an agreement on the part of the maker of a note, but is quite out of place as expressing an agreement on the part of the payee extending the time of payment." We are here concerned with such an agreement on the part of the maker of a note and with the question as to what the parties intended thereby. Ordinarily the payee of a note retains possession thereof and this notation must have been placed on the note with the consent of Mrs. Kies. The circumstances indicate that she was a party to this agreement, whatever it was. The note continued in her possession, apparently, as suit was brought thereon by her executrix after her death, she received the interest up to May 6, 1929, and she must have considered the obligation of the note still in force as she provided in her will that the respondent should receive a credit thereon in the amount of $2,000.

A contract is to be so interpreted as to give effect to the intention of the parties (Civ. Code, sec. 1636), its

words are to be taken in their ordinary and popular sense (Civ. Code, sec. 1644), and in cases of uncertainty the language used should be interpreted most strongly against the party who caused the uncertainty to exist (Civ. Code, sec. 1654). ▮ The word "renewed" in connection with such a thing as a note or a contract, in the absence of words showing a different intent, seems to carry with it the idea of recreating the same or of again entering into an agreement containing the same terms. While the renewal of a note is more commonly accomplished by the giving of a new note, no good reason appears why a note should not be renewed for the same period and upon the same terms by a notation made thereon if such is the intention of the parties. Something was intended by the notation thus made on this note, and it seems clear that this was not merely an "extension" of the time of payment, as that term is used in a legal sense. If the language used may be taken as expressing merely a recognition of the obligation as of that date with the effect of again starting the running of the statute, that meaning does not clearly and conclusively appear. It is equally consistent with the words used to take them as expressing an intention to renew the note itself; in other words, to remake the note as of that date including the provision for payment in three years. If suit had been brought upon this note within three years after the notation was made, and before any default in the payment of interest, the respondent might well have claimed that the note was not due and that the action was premature, and it is extremely probable that he would have done so. The least that can be said is that an ambiguity appears, which opens the way for proof of the intention of the parties at the time, not for the purpose of contradicting the writing but for the purpose of discovering what was intended thereby. (*Searles* v. *Gonzalez*, 191 Cal. 426 [216 Pac. 1003, 28 A. L. R. 78].) Under the circumstances here appearing it cannot be said, as a matter of law, that the statute of limitations had run and the demurrer should have been overruled.

The views herein expressed find support in certain decisions from other jurisdictions. (*Edwards* v. *Goode*, 228 Fed. 664; *Kedey* v. *Petty*, 153 Ind. 179 [54 N. E. 798]; *Grace & Co.* v. *Strickland*, 188 N. C. 369 [124 S. E. 856, 35 A. L. R. 1296]; *Farmers & Traders Bank* v. *Laird*, 188 Mo. App. 322

[175 S. W. 116] ; *Lime Rock Bank* v. *Mallett*, 34 Me. 547 [56 Am. Dec. 673].)

The judgment is reversed with instructions to overrule the demurrer.

Marks, J., concurred.