RIEPL and wife, Respondents, vs. SARDINO and another, Appellants.

*December 2, 1952—January 6, 1953.*

For the appellants there were briefs by *Charles Saggio,* attorney, and *Brooke Tibbs* and *Howard H. Boyle, Jr.,* of

counsel, all of Milwaukee, and oral argument by *Mr. Boyle* and *Mr. Tibbs.*

*William J. Keating* and *Oscar M. Binn,* both of Milwaukee, for the respondents.

GEHL, J. The trial judge was of the opinion that the portion of the note quoted above is indefinite and uncertain and therefore unenforceable.

Defendants contend that it must be construed to mean that so long as there is no default in payments of interest, taxes, and insurance premiums they have as much time as they desire to pay the principal sum. Their construction would make the contract most unusual and extraordinary. It seems to us to be unlikely that the payee of a note would lend his money with no hope of its repayment until the payor should decide to meet his obligation. An instrument will not be construed so as to create that result unless the intention to do so is clear and plain. *Gray v. Stadler,* 228 Wis. 596, 280 N. W. 675, 281 N. W. 280.

Nor should we give the provision a construction which would render it meaningless if it can be avoided. If it can be interpreted so as to make its meaning reasonable, just, and fair, that should be done. *Bank of Cashton v. La Crosse C. S. T. M. I. Co.* 216 Wis. 513, 257 N. W. 451.

Similar provisions have had judicial construction. In *Duggan v. Krevonick,* 169 Va. 57, 192 S. E. 737, there was involved a land contract which provided that the deferred portion of the purchase price was to be payable three years after the date of the contract, "with the privilege of renewal." The court said (p. 66):

". . . the term 'with the privilege of renewal' does not leave anything to be determined by future negotiations of the parties. In providing that the balance of the purchase price should be 'payable three years after date with the privilege of

renewal,' the parties contemplated, we think, that the purchaser should have the option of renewing the note for one other period of three years, with interest at the same rate and payable as provided in the contract."

*Byerly v. Randolph,* 103 N. J. Law, 240, 133 Atl. 40, was an action upon a note payable three months after date containing the recital "renewal until paid." The court said (p. 241) :

"The question to be determined is, 'What legal effect is to be given to the words, "Renewal until paid?" ' For the defendant it is argued that the renewal may go on indefinitely at his will, and that his only legal obligation is to renew the note at each time when it falls due. This is a palpable absurdity. The very term 'Renewal until paid' implies that the note shall be paid at some period of time. No definite time being fixed in the instrument, in legal contemplation, payment is to be made, at least, after there has been one renewal."

In *Farmers & Traders Bank v. Laird,* 188 Mo. App. 322, 175 S. W. 116, the court, considering an agreement for renewal attacked as being void for uncertainty, said (p. 327) :

"Where such agreement does not state the number of renewals it must be construed as an agreement to renew once only (1 Daniel on Negotiable Instruments (6th ed.) sec. 159) and where it does not specify the time the parties should be understood as contemplating that the terms of the original note would be repeated in the renewal and that the new period of time allotted for the payment would be of the same duration as that provided in the original note."

In *Gray v. Stadler, supra,* this court had for consideration a lease of residence property "to hold for the term of fifteen years from this date [date of lease] with privilege of renewals for similar periods." The court said "there is nothing in the document, . . . that indicates that the parties had in mind the creation in the lessee of a right in perpetuity" and held

that the tenant was entitled to one renewal for a period of fifteen years without the right to a renewal thereafter.

Upon the authority of the cases cited we hold that this action was prematurely brought and construe the provision as entitling the defendants to one renewal for a period of three years without the right to a renewal thereafter. The motion of the defendants for summary judgment should have been granted.

*By the Court.*—Judgment reversed. Cause remanded with directions to dismiss the complaint.